PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Elder, Frank, Humphreys, Kelsey, Petty, Beales, Alston,
           McCullough, Huff and Chafin
Argued at Richmond, Virginia

STEVE WHITT

                                                            OPINION BY
v.      Record No. 0885-11-3                     JUDGE STEPHEN R. McCULLOUGH
                                                            MARCH 26, 2013
COMMONWEALTH OF VIRGINIA

                          UPON REHEARING EN BANC

                 FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
                              Patrick R. Johnson, Judge

           T. Shea Cook (T. Shea Cook, P.C., on brief), for appellant.

           Alice T. Armstrong, Assistant Attorney General II (Kenneth T.
           Cuccinelli, II, Attorney General, on brief), for appellee.


        We consider in this appeal whether the appellant, Steve Whitt, failed to comply with the

requirements of Rule 5A:12(c)(1) in his petition for appeal, and, if so, whether this failure

requires us to dismiss his appeal.  We conclude that this Court may entertain Whitt's motion to

amend his assignment of error.  Therefore, the petition for appeal is properly before us.  Turning

to the merits of the appeal, we affirm Whitt's convictions.

                                    BACKGROUND

        Appellant, who was a witness in a police investigation, telephoned the police and asked

Investigator Mike Thompson to come over to appellant's residence.  Thompson went,

accompanied by Investigator Eric Breeding.  Appellant invited the investigators into his mobile

home.  Appellant sat on a couch.  The two investigators sat on a couch across from him,

separated by a coffee table.  Appellant soon began acting in a hostile and erratic fashion.  He told

Investigator Breeding that Breeding was "aggravating him" so Breeding should sit down.  App.

at 19. Appellant became increasingly angry, loud, and aggressive. He did not display any indicia of intoxication, such as slurred speech, unsteadiness on his feet, or an odor of alcohol.

Gesturing toward Investigator Thompson, appellant said he was going to shoot Thompson. Appellant then gestured toward Investigator Breeding and said he was going to shoot him. Appellant indicated that he had a pistol under his cushion. Investigator Breeding could see part of an object protruding from under the couch cushion. Appellant's hand was dangling about three to four inches away from the object. Neither officer could see at that point what the object was. Appellant urged Breeding to put his hand on his gun. Appellant made a number of threats.

Appellant moved his hand away from this object for a brief time, perhaps to reach for a drink. Investigator Thompson took advantage of this opportunity to jump over the coffee table. After a brief struggle, the officers were able to subdue appellant. Appellant never made a gesture toward the partially concealed object before Investigator Thompson jumped over the coffee table. During the struggle, however, his arm was "at the back of the cushion." Officer Thompson testified that appellant was "going for it." App. at 131, 133.

After appellant's arrest, police recovered a knife, rather than a gun, under the cushion where appellant had been seated. The knife's blade is approximately nine inches long. Police also recovered a pellet or BB rifle under a couch. No actual firearm was recovered.

At trial, appellant testified that he wanted the officers to kill him, but that he could not kill himself because it was against his Baptist religion to commit suicide. He explained that a number of personal tragedies, including the death of his stepmother, a tumor on his right lung, the death of a friend, and the struggles of his father all served as motives for the purported attempt at what is colloquially called a "suicide by cop." After his arrest, however, appellant

told a guard at the jail that he was not suicidal.  In response to questions by the officers, he denied being suicidal.

Following a jury trial, appellant was convicted of two counts of attempted capital murder of a law enforcement officer, in violation of Code § 18.2-31.  At trial, counsel for appellant moved to strike the evidence on the grounds that appellant lacked the specific intent to murder the officers and that he did not commit the overt act necessary to convict him of attempted capital murder.

Whitt filed his petition for appeal with this Court, containing a single assignment of error: "The circuit court judge committed error by not dismissing the convictions against the appellant based upon insufficient evidence as a matter of law."  The Commonwealth moved to dismiss Whitt's petition for appeal for failure to include an adequate assignment of error.  Appellant argued that his assignment of error was adequate, but, in the alternative, he asked for leave of court to amend his petition for appeal to include the following, more specific, assignment of error:  "The circuit court judge committed error by not dismissing the convictions against the appellant based upon insufficient evidence as a matter of law regarding the elements of intent and overt, but ineffectual action.  Transcript of December 20, 2010, page 3-4."

This Court granted Whitt's petition and directed the parties to address the following additional question:

> Is an assignment of error stating "[t]he circuit court judge committed error by not dismissing the convictions against the appellant based upon insufficient evidence as a matter of law," an insufficient assignment of error under Rule 5A:12(c)(1)(ii) and, if so, does this Court have active jurisdiction to consider the appeal in light of Davis v. Commonwealth, 282 Va. 339, 717 S.E.2d 796 (2011)?

A panel of this Court held that it was without active jurisdiction to consider Whitt's appeal, and consequently dismissed it. The Court subsequently determined on its own motion to rehear the appeal en banc, pursuant to Code § 17.1-402(D).

## ANALYSIS

### I. THIS COURT MAY PERMIT THE AMENDMENT TO AN ASSIGNMENT OF ERROR IN LIMITED CIRCUMSTANCES.

Rule 5A:12(c)(1)(ii) specifically provides that an assignment of error "which merely states that the judgment or award is contrary to the law and the evidence is not sufficient." A properly crafted assignment of error will "point out the specific errors claimed to have been committed by the court below." First Nat'l Bank of Richmond v. William R. Trigg Co., 106 Va. 327, 341, 56 S.E. 158, 163 (1907) (citation omitted). Such specificity "enable[s] the reviewing court and opposing counsel to see on what points plaintiff's counsel intends to ask a reversal of the judgment or decree, and to limit discussion to those points." Id. Merely stating that the evidence was insufficient does not point out with the requisite level of specificity the error made by the court below, *i.e.* in what way the evidence was insufficient. See Friedline v. Commonwealth, 265 Va. 273, 278-79, 576 S.E.2d 491, 494 (2003); P. Lorillard & Co. v. Clay, 127 Va. 734, 748, 104 S.E. 384, 388 (1920).

The broad wording of Whitt's assignment of error does not comply with the requirement of specificity imposed by the Rule and by precedent. If this Court were to permit Whitt to amend his assignment of error, however, the assignment of error would comply with the Rule and with precedent.[1]

---

[1] It is worth stressing the fact that, although there is disagreement on the Court concerning the power of an appellate court to permit an amendment to an assignment of error after a timely petition for appeal has been filed, there is no disagreement among the members of

A.  The authority to amend pleadings and the concept of active jurisdiction

1.  Courts, including appellate courts, possess the authority derived from the common law to allow amendments to timely filed pleadings.

In Virginia, unless modified by rule of court or by statute, the common law "continue[s] in full force."  Code § 1-200.  Although the evidence is mixed concerning *the extent* to which courts at common law had the power to permit the amendment of pleadings, it is beyond dispute that a court possessed the power to permit amendments to pleadings.  For example, Professors Charles Alan Wright and Arthur R. Miller conclude that "[a]t common law a litigant had very little freedom to amend the pleadings other than to correct formal defects and remedy errors of oversight."  Charles Alan Wright et al., Federal Practice and Procedure § 1471 (2010).  On the other hand, no less of an authority than Chief Justice John Marshall, who had practiced extensively in Virginia's trial and appellate courts before his elevation to the bench, took the view that courts possessed broad power to allow amendments:  "[t]hat a court possesses the power to allow any amendments in the pleadings while a case is []pending, is not to be questioned; and this power is liberally exercised, both in courts of equity and common law, for the furtherance of justice."  Calloway v. Dobson, 4 F. Cas. 1082, 1083 (C.C.D. Va. 1807).[2] Appellant here seeks an amendment to correct a formal defect and to remedy an error of oversight.  Therefore, regardless of the breadth of the authority granted to courts at common law

the Court with regard to the specificity needed in an assignment of error to challenge the sufficiency of the evidence.

[2] These two views may not be that far apart.  Judges at common law evidently possessed the discretion to permit amendments, but often were reluctant to exercise it save for the correction of formal defects.  See Alison Reppy, Aider, Amendment and the Statutes of Jeofails – At Common Law, Under Modern Codes, Practice Acts and Rules of Civil Procedure, 6 Am. U. L. Rev. 65, 68-69 (1957).

to permit amendments, such an amendment would be permissible under the court's common law power to allow the amendment of pleadings.

There is no reason to conclude that appellate courts possess less authority than trial courts with regard to allowing a litigant to correct defective pleadings. The Supreme Court expressly has stated that "[a] petition for a writ of error [now a petition for appeal] is in the nature of a *pleading*." Worley v. Mathieson Alkali Works, 119 Va. 862, 863, 89 S.E. 880, 880 (1916) (emphasis in original). See also Nat'l Mechanics' Bank v. Schmelz Nat'l Bank, 136 Va. 33, 38, 116 S.E. 380, 382 (1923) (same). The Court also has stated that "[a]n assignment of errors is in the nature of a pleading, and in the court of last resort it performs the same office as a declaration or complaint in a court of original jurisdiction." First Nat'l Bank of Richmond, 106 Va. at 341, 56 S.E. at 163 (citation omitted).

In fact, both this Court and the Supreme Court of Virginia routinely have permitted or ordered litigants to file amended briefs to correct a range of deficiencies, such as typographical errors or pages inadvertently omitted during the printing process. See, e.g., Rowe v. Commonwealth, 277 Va. 495, 500, 675 S.E.2d 161, 164 (2009) (noting that the Court of Appeals twice required appellant to file a new petition for appeal to conform to Rule 5A:20(c)). This practice is consistent with the understanding that appellate courts have the authority to permit a litigant to amend his petition for appeal.

In short, under the common law, courts, including appellate courts, can permit amendments to pleadings. The next step in the analysis is to determine whether any precedent, statutes, or rules of court have shackled the appellate courts in Virginia with regard to exercising this elementary and long-recognized power.

2. The active jurisdiction concept and an appellate court's
authority to address ancillary matters

According to <u>Davis</u>, a defective assignment of error deprives the court of "active

jurisdiction."  <u>Davis v. Commonwealth</u>, 282 Va. 339, 339, 717 S.E.2d 796, 796-97 (2011) (*per*

*curiam*).  <u>Davis</u> does not hold that an appellate court in Virginia is powerless to do anything but

dismiss the appeal.  Therefore, it is worth examining what "active jurisdiction" means.  The

Supreme Court has explained that a court must possess both "potential" and "active jurisdiction"

to adjudicate the merits of a case.  <u>See, e.g.</u>, <u>Ghameshlouy v. Commonwealth</u>, 279 Va. 379,

388-89, 689 S.E.2d 698, 703 (2010).  "[P]otential jurisdiction" is "the power granted by the

sovereignty creating the court to hear and determine controversies of a given character," or, in

other words, "jurisdiction over the subject-matter."  <u>Farant Inv. Corp. v. Francis</u>, 138 Va. 417,

427, 122 S.E. 141, 144 (1924) (quoting William Minor Lile, <u>Lile's Equity Pleading and Practice</u>

§ 11 (1922)).  <u>See also</u> <u>Smith v. Commonwealth</u>, 281 Va. 464, 467, 706 S.E.2d 889, 892 (2011)

(subject matter jurisdiction is the potential jurisdiction of the court).

> "In order, however, that the court thus vested with potential
> jurisdiction may rightfully exercise the jurisdiction" (*i.e.* have
> "active jurisdiction"), "in *a particular case*, certain conditions of
> fact must appear – these conditions varying with the character or
> purpose of the proceeding.  These conditions of fact may be
> demanded either by the settled principles of the unwritten law, or
> by the mandate of the statute law."

<u>Farant Inv. Corp.</u>, 138 Va. at 427, 122 S.E. at 144 (quoting Lile, <u>Lile's Equity Pleading and</u>

<u>Practice</u> §§ 11, 12) (emphasis added).

The Court further explained that

> [t]here are, indeed, four essential requisites to confer upon
> a court "active jurisdiction," which may be thus classed,
> (1) potential jurisdiction, (2) territorial jurisdiction, (3) actual
> jurisdiction of the subject matter where the proceeding is *in rem*,
> and also of the proper parties where the proceeding is personal, and

- 7 -

(4) the other conditions of fact must exist which are demanded by the unwritten or statute law as the pre-requisites of the authority of the court *to proceed to judgment or decree.*

Id. at 427-28, 122 S.E. at 144 (emphasis added).

It is important to recognize that "active jurisdiction" as discussed in these cases means the authority of the court to adjudicate *the merits of a case*. These cases do not address the power of a court to resolve ancillary matters such as the ability of a court to address defects in pleadings or in service of process. Thus, in Morrison v. Bestler, 239 Va. 166, 387 S.E.2d 753 (1990), the Court, drawing from Professor Lile's work and Farant Investment Corp., explained that

> [w]hile these elements are necessary to enable a court *to proceed to a valid judgment*, there is a significant difference between subject matter jurisdiction and the other "jurisdictional" elements. Subject matter jurisdiction alone cannot be waived or conferred on the court by agreement of the parties. A defect in subject matter jurisdiction cannot be cured by reissuance of process, passage of time, *or pleading amendment*. While a court always has jurisdiction to determine whether it has subject matter jurisdiction, a judgment on the merits made without subject matter jurisdiction is null and void. Likewise, any subsequent proceeding based on such a defective judgment is void or a nullity.

Id. at 169-70, 387 S.E.2d at 755 (citations omitted and emphasis added).[3] See also Smith, 281 Va. at 467, 706 S.E.2d at 892 ("The court acquires the 'active' jurisdiction *to adjudicate a matter* only when certain additional elements are present" beyond subject matter jurisdiction (emphasis added)); Ghameshlouy, 279 Va. at 388-89, 689 S.E.2d at 702-03 (the potential jurisdiction "becomes 'active' jurisdiction, *the power to adjudicate a particular case upon the merits*, only when various elements are present" (emphasis added)); Bd. of Supervisors of Fairfax Cnty. v.

---

[3] We note that, should an appellate court in Virginia erroneously proceed to judgment based on an assignment of error that was defective because it was insufficiently specific, the judgment of the appellate court would not be rendered void *ab initio*. See Bd. of Supervisors of Fairfax Cnty. v. Bd. of Zoning Appeals, 271 Va. 336, 342-48, 626 S.E.2d 374, 387-91 (2006).

Bd. of Zoning Appeals, 271 Va. 336, 343, 626 S.E.2d 374, 378 (2006) ("In order for a court to have the power *to adjudicate a particular case upon the merits*, *i.e.*, to have 'active jurisdiction,' . . . several elements are needed." (emphasis added)). What emerges from this line of cases is that to render a judgment *on the merits*, a court must possess both active and potential jurisdiction. A court may lack active jurisdiction and thus be foreclosed from resolving the merits of a case but nevertheless have the authority to adjudicate ancillary issues such as permitting an amendment to a pleading or adjudicating a dispute over whether all the necessary parties are properly before the court.

Wellmore Coal Corp. v. Harman Mining Corp., 264 Va. 279, 568 S.E.2d 671 (2002), does not compel a different outcome. In that case, the appellant filed a notice of appeal signed only by an attorney who was not licensed to practice in Virginia. A Virginia attorney signed and filed an amended notice of appeal several weeks later, beyond the 30-day time frame permitted by Rule 5:9(a). Id. at 281-82, 568 S.E.2d at 672. In analyzing the issue of whether the notice of appeal was void, the Court noted that under Rule 1A:4, "a pleading or other paper required to be served . . . shall be invalid unless it is signed by a member of the Virginia State Bar." The Court reasoned that "invalid" means "not legally binding" and, therefore, the initial notice of appeal was of "no legal effect." Id. at 283, 568 S.E.2d at 673. The Court concluded that, because the initial notice of appeal "was invalid, there was nothing to amend." Id.

What Wellmore illustrates is that some defects are amenable to correction and some are not. A late notice of appeal or an untimely filed petition for appeal cannot be cured. See Super Fresh Food Mkts. of Va. v. Ruffin, 263 Va. 555, 563, 561 S.E.2d 734, 739 (2002) (dismissing appeal due to late filing of notice of appeal); Upshur v. Haynes Furniture Co., 228 Va. 595, 597, 324 S.E.2d 653, 654 (1985) (*per curiam*) (dismissing appeal based on an untimely petition for

appeal).  Not all defects in a timely filed notice of appeal, however, will foreclose appellate review.  Ghameshlouy, 279 Va. at 391, 689 S.E.2d at 704.  Wellmore addressed a specific defect that rendered the notice of appeal "invalid," *i.e.*, a nullity:  the person who filed the notice of appeal was not authorized to file.  In the case before us, the petition for appeal was filed by a member of the Virginia bar, and the petition itself is not a nullity.  In contrast to Wellmore, no rule or statute declares a petition for appeal "invalid," *i.e.* of no legal effect, because the assignment of error is insufficient.  Instead, the Supreme Court of Virginia has analogized petitions for appeal and assignments of error to pleadings, Nat'l Mechanics' Bank, 136 Va. at 38, 116 S.E. at 382; First Nat'l Bank of Richmond, 106 Va. at 341, 56 S.E. at 163, and, as noted above, pleadings are amenable to correction through amendment.

Davis, 282 Va. at 339, 717 S.E.2d at 796-97, simply does not address the scope of a court's power to permit an amendment to the assignment of error.  There, the appellant appealed from a judgment of *this Court* but assigned error to the action of the *trial court*.  Rule 5:17(c)(1)(ii), however, provides that the Supreme Court will consider "only assignments of error relating to assignments of error presented in, and to actions taken by, the Court of Appeals."  The Court dismissed the appeal, reasoning that "the inclusion of sufficient assignments of error is a mandatory procedural requirement and that the failure to comply with this requirement deprives this Court of its active jurisdiction to consider the appeal."  Davis, 282 Va. at 339, 717 S.E.2d at 796.  There is no indication in Davis that the appellant ever asked for leave to amend.  Therefore, the Court in Davis had no occasion to address the question of whether a litigant may seek to amend a petition for appeal to correct a defective assignment of error.  In this case, the appellant *did* seek to amend a petition that is properly before the Court, due to the timely filing of the notice of appeal and of the petition itself.  Nothing in the *per*

- 10 -

*curiam* decision in <u>Davis</u> forecloses this Court from considering and granting or denying appellant's request.

> 3. Statute and Rules governing petitions for appeal and assignments of error

Code § 17.1-408 provides in relevant part that

> *The petition for appeal* in a criminal case shall be filed not more than forty days after the filing of the record with the Court of Appeals. However, a thirty-day extension may be granted in the discretion of the court in order to attain the ends of justice. When an appeal from an interlocutory decree or order is permitted in a criminal case, the petition for appeal shall be presented within the forty-day time limitation provided in this section.

(Emphasis added).

> Similarly, Rule 5A:12(a) provides that

> [w]hen an appeal to the Court of Appeals does not lie as a matter of right, a *petition for appeal* must be filed with the Clerk of this Court not more than 40 days after the filing of the record with the Court of Appeals. An extension of 30 days may be granted on motion in the discretion of this Court upon a showing of good cause sufficient to excuse the delay.

(Emphasis added).

Appellant here satisfied these requirements: he filed a petition for appeal within the time constraints imposed by the statute and the Rule. Neither Code § 17.1-408 nor Rule 5A:12(a) specifies that the petition for appeal must be free of all defects. Once a timely petition for appeal has been filed, and that petition contains one or more assignments of error, the Court may entertain a motion to amend an assignment of error.[4] Nothing in this statute or this Rule

---

[4] Just as the longstanding "relation back" doctrine limits the scope of permissible amendments to a pleading when the amendments are sought after the statute of limitations has expired, see <u>Vines v. Branch</u>, 244 Va. 185, 188-90, 418 S.E.2d 890, 892-94 (1992), any amendment to the assignment of error would have to relate back to the original assignment of error if the amendment is sought after the deadline for filing the brief has passed.

- 11 -

prohibits a court from considering, and where appropriate, granting, a motion to correct a defect in an assignment of error.

Rule 5A:12(c)(1) governs assignments of error to this Court. It provides in pertinent part that

> Under a heading entitled "Assignments of Error," the petition shall list, clearly and concisely and without extraneous argument, the specific errors in the rulings below upon which the party intends to rely. An exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court or other tribunal from which the appeal is taken shall be included with each assignment of error.
>
> (i) Effect of Failure to Assign Error. Only assignments of error assigned in the petition for appeal will be noticed by this Court. If the petition for appeal does not contain assignments of error, it shall be dismissed.
>
> (ii) Insufficient Assignments of Error. An assignment of error which does not address the findings or rulings in the trial court or other tribunal from which an appeal is taken, or which merely states that the judgment or award is contrary to the law and the evidence is not sufficient. If the assignments of error are insufficient or otherwise fail to comply with the requirements of this Rule, the petition for appeal shall be dismissed.

The plain language of this Rule is clear: an insufficient assignment of error compels dismissal of the appeal. Once again, nothing in the language of this Rule, however, precludes a litigant from seeking to amend a defective assignment of error so as to obviate the need for dismissal. As noted above, courts have the authority to allow amendments to pleadings. The text of this Rule does not in any way alter this fundamental power of a court. This is not surprising. The appellate rules do not purport to comprehensively delineate the common law power of courts with regard to pleadings and other matters.

Reading Rule 5A:12 to mandate dismissal would create a striking anomaly in the treatment of petitions for appeal in criminal cases and the way the Court treats cases arising in

the other areas of the Court's subject matter jurisdiction. Rule 5A:12 governs petitions for appeal. Under Code § 17.1-406, petitions for appeal in this Court are limited to criminal cases. There is no palpable reason why a petition for appeal in a criminal case *must* be dismissed when the assignment of error is insufficient or in some other way fails to comply with the Rule, but briefs filed in domestic relations, workers' compensation, and administrative appeals pursuant to Code § 17.1-405, which are governed by Rule 5A:20, would *not* face mandatory dismissal for the very same defect. Rule 5A:20 does not compel dismissal for flaws in the assignment of error contained in an opening brief (as opposed to in a petition for appeal), and Rule 5A:26 provides that this Court "*may* dismiss the appeal" whenever the "appellant fails to file a brief in compliance with these Rules," but it does not mandate dismissal. Permitting an amendment in some circumstances allows for consistent treatment of appeals across the spectrum of this Court's jurisprudence.

## B. Additional considerations

Our conclusion – that an appellate court may entertain a motion to amend an assignment of error once a timely notice of appeal and petition for appeal have been filed – is bolstered by the fact that an appellate court can raise issues *sua sponte* and direct briefing on those issues, see, e.g. Porter v. Commonwealth, 276 Va. 203, 225, 661 S.E.2d 415, 425 (2008); Richmond Newspapers, Inc. v. Lipscomb, 234 Va. 277, 287, 362 S.E.2d 32, 37 (1987). If Virginia courts possess the greater power to compel the parties to address issues *not raised* by the parties, then surely Virginia's appellate courts possess the lesser power to allow the parties to amend the wording of an assignment of error that the appellant *has raised* to make it more precise, thereby bringing it into conformity with the rules of court.

- 13 -

Moreover, the Supreme Court has accepted amendments to the language of an assignment of error made without leave of court. The Court has held that a litigant may reword an assignment of error so long as the change to the assignment of error "does not change the substance of the error alleged." Allstate Ins. Co. v. Gauthier, 273 Va. 416, 418 n.*, 641 S.E.2d 101, 103 n.* (2007). See also Dowdy v. Commonwealth, 278 Va. 577, 590 n.14, 686 S.E.2d 710, 717 n.14 (2009); Hudson v. Pillow, 261 Va. 296, 301-02, 541 S.E.2d 556, 560 (2001) (holding that the Court could review a modified assignment of error because the modification did not allow the appellant to argue "a different question on appeal or an issue not presented to the [trial court]").[5] If a litigant *unilaterally* can reword an assignment of error – so long as the change does not present "a different question on appeal or an issue not presented to the [trial court]" – then *a fortiori* this Court may grant leave to a litigant to do the same thing.

### C. Amendment vs. dismissal

The available remedies that follow dismissal of the appeal are far more protracted and cumbersome than the simple expedient of permitting an amendment. Code § 19.2-321.1 permits a litigant in a criminal case to file a motion to reinstate an appeal that has been dismissed. That statute, however, is no panacea. The available evidence suggests that the vast majority of dismissed appeals are not reinstated. In 2011, this Court dismissed 180 appeals but reinstated only 44 appeals for criminal cases under Code § 19.2-321.1.[6] A similar story holds true for 2012. The Court dismissed 157 appeals but granted only 50 delayed appeals under Code

---

[5] In contrast, if an appellant seeks to reword an assignment of error to raise an issue not pressed at trial, "such skewing of the language of the original assignment is not allowed." Hamilton Dev. Co. v. Broad Rock Club, Inc., 248 Va. 40, 44, 445 S.E.2d 140, 143 (1994).

[6] An appellate court can take judicial notice of its own records. Plummer v. Commonwealth, 211 Va. 706, 707, 180 S.E.2d 519, 520 (1971) (*per curiam*).

- 14 -

§ 19.2-321.1.[7]  Even assuming some of these dismissed appeals are reinstated via habeas corpus petitions, it is fair to say that dismissal constitutes the end of the line for most appeals.[8]

In addition, the procedure under Code § 19.2-321.1 is cumbersome and inefficient.  If this Court were to grant the requested amendment, the appeal immediately would proceed to adjudication on the merits.  If we were to dismiss the appeal, (1) the Court must prepare an order to dismiss, (2) appellant must prepare and file a pleading to seek its reinstatement, (3) the Court must adjudicate the petition and enter an order granting a delayed appeal, and (4) only then, months later, must appellant file a new petition for appeal with a proper assignment of error – all of which puts him in the exact same place he would have occupied months before had the amendment been allowed.

"The mission of Virginia's judicial system is to assure that disputes are resolved justly, promptly, and economically."[9]  Similarly, the Rules promulgated by the Supreme Court are supposed to be "designed to achieve the just, speedy, and inexpensive disposition of all litigation in [the Court of Appeals of Virginia] consistent with the ends of justice."  Code § 17.1-403.  Dismissing an appeal for an easily corrected defect and then reinstating it after a separate proceeding is the antithesis of these stated goals.  It would be far more just, prompt, and

---

[7] A defendant in a criminal case at least has the option of seeking relief under Code § 19.2-321.1 or through a petition for a writ of habeas corpus.  It does not appear, however, that the Commonwealth has such an avenue for relief when a petition for appeal filed by the Commonwealth has been dismissed.  Therefore, permitting in narrow circumstances for a petition for appeal to be amended is not only in the interest of the accused, it is also in the interest of the Commonwealth.

[8] For non-criminal appeals that are dismissed, neither petitions for habeas corpus nor Code § 19.2-321.1 are available to reinstate the appeal.  Therefore, if corrective amendments were not permitted, the only avenue for relief for dismissed civil appeals are malpractice actions – actions that are arduous for the litigant and counsel alike.

[9] See http://www.courts.state.va.us/courts/scv/scvinfo.pdf (quotation taken from a pamphlet posted on the Supreme Court's website).

economical to permit an appropriate amendment to the petition for appeal while the appeal is still pending.[10]

We certainly do not condone violations of the rules of court. The fact that a brief is not in compliance with a rule, however, does not answer the question of whether a litigant should be permitted to remedy the violation. Dismissal is a harsh sanction, particularly when other remedies are available. Courts facing defects in a petition for appeal can (1) compel the attorney to take the time and expense to file a corrected petition, (2) if the errors are sufficiently egregious, and if they are repeated, hold the attorney in contempt, (3) refer the matter to the bar for disciplinary action, or (4) dismiss the appeal. The common thread in sanctions (1) through (3) is that the sanction falls on the attorney who failed to follow the rules. The problem with option (4), dismissing the appeal, is that the blow falls hardest on the client, who ordinarily bears no responsibility for the attorney's failure to follow the rules of court.

D. Application of those principles to the facts of this case

The fact that an appellate court possesses discretion to allow a litigant to amend a defective assignment of error does not signal boundless discretion. As the Supreme Court has indicated, litigants may not reword assignments of error when doing so would enlarge the scope of the issue initially presented or allow a litigant to smuggle in additional issues. Hamilton Dev. Co. v. Broad Rock Club, Inc., 248 Va. 40, 44, 445 S.E.2d 140, 143 (1994). A court on appeal, however, ordinarily should, upon a motion, permit a litigant to correct formal defects and remedy

---

[10] The impact on appellate practice of expressly recognizing the power to allow certain amendments to assignments of error will be minimal. First, the overwhelming majority of petitions for appeal will contain proper assignments of error. Second, a litigant must request leave to file an amended petition for appeal and must supply the Court with sufficient grounds for allowing such an amendment. Third, these will not be complex motions. It will ordinarily be readily apparent to the Court whether such an amendment should be permitted on the discrete grounds asserted in the motion.

errors of oversight in the assignment of error, particularly when the requested amendment renders the revised assignment of error more precise and is consistent with arguments advanced at trial.[11]

In sum, we conclude, consistent with the Supreme Court's characterization of petitions for appeal and assignments of error as pleadings, and with longstanding common law authority allowing courts to permit the amendment of pleadings, that appellant may amend his assignment of error. The request for an amendment at issue was made after appellant filed a timely notice of appeal and a timely petition for appeal. The requested amendment is consistent with arguments presented at trial and does not constitute a broadening of the scope of the original assignment of error. The Commonwealth does not articulate any prejudice that would follow from such an amendment. Therefore, we exercise our discretion to grant the motion to amend the petition for appeal and, in turn, we address the merits of the appeal.

II. THE EVIDENCE IS SUFFICIENT TO SHOW WHITT'S INTENT TO MURDER THE POLICE OFFICERS.

Whitt's amended assignment of error is as follows: "The circuit court judge committed error by not dismissing the convictions against the appellant based upon insufficient evidence as a matter of law regarding the elements of intent and overt, but ineffectual action."

> An attempt in criminal law is an apparent unfinished crime, and hence is compounded of two elements, viz: (1) the intent to commit a crime; and (2) a direct act done towards its commission, but falling short of the execution of the ultimate design. It need not, therefore, be the last proximate act to the consummation of the crime in contemplation, but is sufficient if it be an act apparently adopted to produce the result intended. It must be something more than mere preparation.

Glover v. Commonwealth, 86 Va. 382, 385-86, 10 S.E. 420, 421 (1889).

---

[11] For example, there is no reason why a petition for appeal that used an incorrect heading such as "questions presented" or "statement of the issues," rather than the heading "assignments of error" that is required by Rule 5A:12(c)(1) could not be corrected via an amendment.

"Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case . . . . Intent may be shown by a person's conduct and by his statements." Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989) (citation omitted). As is often the case, the standard of review controls the outcome.

> This Court must examine the evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong or without evidence to support it. We review the evidence in the light most favorable to the Commonwealth, the prevailing party in the trial court and accord the Commonwealth the benefit of all reasonable inferences deducible from the evidence. After so viewing the evidence, the question is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In sum, if there is evidence to support the conviction, the reviewing court is not permitted to substitute its judgment, even if its view of the evidence might differ from the conclusions reached by the finder of fact at the trial.

Commonwealth v. McNeal, 282 Va. 16, 20, 710 S.E.2d 733, 735 (2011) (citations and internal punctuation omitted).

Appellant lured two police officers into his home. Once inside, appellant took a seat where he had ready access to a large, pre-positioned knife. He expressly and repeatedly stated that he wanted to kill the police officers. His hostile demeanor was consistent with his stated intent. During the struggle to subdue him, appellant's hand was near the knife, as if he were "going for it." A reasonable fact finder certainly could deduce an intent to kill from appellant's statements and actions.

It is true that appellant claimed that this was all an act designed to provoke the police officers into shooting him. This evidence was contradicted, however, when, following his arrest, he denied that he was suicidal and, upon questioning by the officers, refused to acknowledge to the officers that he was trying to prod them into shooting him. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the

opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

We next turn to the issue of whether appellant performed the "overt act" necessary for a conviction for attempted capital murder. We acknowledge here the apt observation of our Supreme Court, that "[w]hen the intent or design to commit a crime exists, what act or acts done in furtherance of the design will constitute an attempt, is one of the most intricate propositions of the criminal law with which courts have to deal." Lee v. Commonwealth, 144 Va. 594, 600, 131 S.E. 212, 214 (1926). Here, certainly, appellant's acts went beyond "mere preparation." He lured police officers to his home, invited them inside, pre-positioned a deadly weapon, and proceeded to threaten their lives. True, he did not brandish the knife or lunge at the officers. During the struggle, however, Investigator Breeding saw appellant's hand in the area where the knife was located and Breeding believed appellant was "going for it." We are unwilling to require that a defendant, while in close quarters with the potential victims, actually brandish a deadly weapon as a prerequisite to an attempt conviction, particularly where appellant's stated intention to kill the officers was frustrated by an "extraneous circumstance," namely, the fact that the officers succeeded in subduing him. See Sizemore v. Commonwealth, 218 Va. 980, 984, 243 S.E.2d 212, 214 (1978).

We are admonished that

> [w]henever the design of a person to commit a crime is clearly shown, slight acts done in furtherance of this design will constitute an attempt, and this court will not destroy the practical and common sense administration of the law with subtleties as to

> what constitutes preparation, and what an act done toward the commission of a crime. Too many subtle distinctions have been drawn along these lines for practical purposes. Too many loopholes have been made whereby parties are enabled to escape punishment for that which is known to be criminal in its worst sense.

Id. at 985, 243 S.E.2d at 215. Mindful of this admonition, we hold that the conclusion of the jury was not without evidence to sustain it and that the actions of appellant were sufficient to constitute an overt act.

CONCLUSION

We affirm the judgment of the trial court.

Affirmed.

Petty, J., with whom Frank, Humphreys, and Huff, JJ., join, concurring, in part, and dissenting, in part.

In this appeal, we address whether the appellant, Steve Whitt, failed to comply with the requirements of Rule 5A:12(c)(1) in his petition for appeal, and if so, whether such failure requires us to dismiss his appeal. I agree with the majority that Whitt failed to comply with Rule 5A:12(c)(1). Unlike the majority, however, I do not agree that the petition may be amended after the deadline for filing has passed. Therefore, I conclude that the express language of Rule 5A:12(c) coupled with the Supreme Court's published order in Davis v. Commonwealth, 282 Va. 339, 717 S.E.2d 796 (2011), requires us to dismiss Whitt's appeal for lack of active jurisdiction.

Whitt was convicted of two counts of attempted capital murder of a law enforcement officer, in violation of Code § 18.2-31. The record was filed on August 25, 2011, and thus, absent an extension, the petition for appeal was required to be filed on or before October 4, 2011. See Rule 5A:12(a) ("[A] petition for appeal must be filed with the clerk of this Court not more than 40 days after the filing of the record with the Court of Appeals."). On October 4, 2011, Whitt filed his petition for appeal with this Court, containing a single assignment of error that read as follows: "The circuit court judge committed error by not dismissing the convictions against the appellant based upon insufficient evidence as a matter of law." On October 26, 2011, the Commonwealth moved to dismiss Whitt's petition for appeal for failure to include an adequate assignment of error.[12] Whitt filed a response to the Commonwealth's motion on November 4, 2011 requesting that this Court either deny the motion to dismiss or permit him to file an amended petition and assignment of error.[13] This Court took no action on the motion to

---

[12] The motion to dismiss was contained in the Commonwealth's brief in opposition.

[13] Whitt requested permission from this Court to file an amended petition for appeal with a modified assignment of error. However, he made this request on the seventy-first day after the

amend but rather granted Whitt's petition and directed the parties to address the following

additional question:

> Is an assignment of error stating "[t]he circuit court judge
> committed error by not dismissing the convictions against the
> appellant based upon insufficient evidence as a matter of law," an
> insufficient assignment of error under Rule 5A:12(c)(1)(ii) and, if
> so, does this Court have active jurisdiction to consider the appeal
> in light of Davis v. Commonwealth, 282 Va. 339, 717 S.E.2d 796
> (2011)?

A panel of this Court held that it was without active jurisdiction to consider Whitt's

appeal, and consequently dismissed it. Chatman v. Commonwealth, 60 Va. App. 622, 731

S.E.2d 24 (2012). The Court subsequently decided on its own motion to rehear the appeal en

banc, pursuant to Code § 17.1-402(D).

The requirements for an acceptable assignment of error are not of recent vintage. It has

long been established that "'[t]he purpose of assignments of error is to point out the errors with

reasonable certainty in order to direct [the] court and opposing counsel to the points on which

appellant intends to ask a reversal of the judgment, and to limit discussion to these points.'"

Yeatts v. Murray, 249 Va. 285, 290, 455 S.E.2d 18, 21 (1995) (quoting Harlow v.

Commonwealth, 195 Va. 269, 271, 77 S.E.2d 851, 853 (1953)). Consequently, it is the duty of

an appellant's counsel "to 'lay his finger on the error' in his [assignments of error]," Carroll v.

Commonwealth, 280 Va. 641, 649, 701 S.E.2d 414, 418 (2010) (quoting First Nat'l Bank of

Richmond v. William R. Trigg Co., 106 Va. 327, 342, 56 S.E. 158, 163 (1907)), and not to invite

an appellate court "to delve into the record and winnow the chaff from the wheat," Loughran v.

Kincheloe, 160 Va. 292, 298, 168 S.E. 362, 364 (1933).

---

record had been filed with this Court. Hence, his request was beyond the time period permitted
for filing a petition for appeal. See Code § 17.1-408 (providing for a potential maximum of
seventy days, if the Court grants an extension of time, for the filing of a petition for appeal); Rule
5A:12(a) (same).

Simply alleging, as Whitt has done here in his assignment of error, that the evidence was insufficient to support his convictions as a matter of law fails to point out any particular error "with reasonable certainty." Rather than laying his finger on the error he wishes us to address, Whitt's counsel has essentially invited us "to delve into the record and winnow the chaff from the wheat." An assignment of error that simply alleges insufficient evidence is broad enough to encompass numerous discrete and unrelated arguments based on the various elements of any given offense (e.g., lack of the requisite intent to commit the crime or misidentification of the perpetrator). It would even permit an appellant to include an evidentiary argument. Rushing v. Commonwealth, 284 Va. 270, 277-78, 726 S.E.2d 333, 338 (2012) (holding that an argument regarding the admissibility of evidence may properly be made as the reason why the evidence is insufficient). But cf. John Crane, Inc. v. Hardick, 283 Va. 358, 376, 722 S.E.2d 610, 620 (2012) (recognizing that "[w]hether evidence is admissible is a separate issue from whether that evidence is sufficient," and holding that an argument attacking only the sufficiency of the evidence does not adequately support an assignment of error challenging only the admissibility of evidence).

Were we to grant a petition for appeal containing an assignment of error that only generally alleged insufficient evidence, an appellant, in his brief on the merits, could add completely new arguments not raised in his petition as long as he had preserved such arguments below. Such maneuvers would require this Court to address arguments that it never intended to address when granting the petition. Cf. Hamilton Dev. Co. v. Broad Rock Club, 248 Va. 40, 43-44, 445 S.E.2d 140, 142-43 (1994) (refusing to consider an argument encompassed by the revised language of an assignment of error that the appellant had modified after his petition for appeal had been granted).

Thus, Whitt's assignment of error, which alleges only a general insufficiency of the evidence as a matter of law, fails to meet the long-established standard for assignments of error. Accordingly, his petition violated Rule 5A:12(c)(1)'s requirement that a petition "shall list, clearly and concisely and without extraneous argument, the *specific errors* in the rulings below upon which the party intends to rely." Rule 5A:12(c)(1) (emphasis added); see Commonwealth Transp. Comm'r v. Target Corp., 274 Va. 341, 352-53, 650 S.E.2d 92, 98 (2007) (holding that an assignment of error stating, "The trial court erred in failing to find that the jury commissioners' report is contrary to the evidence at trial," violated Rule 5:17(c)). Moreover, Rule 5A:12(c)(1)(ii) requires, "If the assignments of error are insufficient or otherwise fail to comply with the requirements of this Rule, the petition for appeal shall be dismissed."

The Supreme Court has traditionally adjudged imprecise assignments of error to be in violation of the procedural requirements for assignments of error. See, e.g., Harlow, 195 Va. at 272-73, 77 S.E.2d at 853-54 (collecting and discussing cases). What the Supreme Court has done recently in Davis, as I explain in my dissent in Chatman v. Commonwealth, ___ Va. App. ___, ___ S.E.2d ___ (this day decided) (en banc), is to clarify that we must dismiss for lack of active jurisdiction a petition for appeal containing assignments of error that fail to comply with the requirements of Rule 5A:12(c)(1). Under the Supreme Court's direction, Whitt's failure to comply with the Rule's requirements "deprives this Court of its active jurisdiction to consider the appeal," Davis, 282 Va. at 339, 717 S.E.2d at 796-97, and requires that we dismiss the appeal, see Rule 5A:12(c)(1)(ii).

While agreeing that the assignment of error does not meet the requirements of Rule 5A:12, the majority argues that this Court has the power to grant the motion to amend the

- 24 -

petition, despite the fact that the motion was filed long after the deadline for filing the petition had expired. I disagree.

As discussed above, compliance with Rule 5A:12 is a mandatory procedural requirement. This Court does not acquire active jurisdiction to consider the case if the assignment of error does not comply with Rule 5A:12. Thus, the defective petition for appeal was not legally binding and, as such, had no legal effect. See Wellmore Coal Corp. v. Harman Mining Corp., 264 Va. 279, 568 S.E.2d 671 (2002) (holding that a notice of appeal that was not signed by a member of the Virginia State Bar was not legally binding and thus has no legal effect). Furthermore, an attempt to amend a pleading "presupposes a valid instrument as its object. Because the . . . notice of appeal was invalid, there was nothing to amend." Id. at 283, 568 S.E.2d at 673. That principle applies here. And, the fact that Wellmore Coal involved a notice of appeal and this case involves a petition for appeal is of little moment — "[t]he reason why an action is without legal effect . . . is of no consequence. If an action is a nullity, regardless of the reason it is such, then no legal proceeding is pending . . . ." Johnston Mem'l Hosp. v. Bazemore, 277 Va. 308, 314, 672 S.E.2d 858, 861 (2009). Thus, because the initial petition for appeal never met the requirements of Rule 5A:12, there was no valid pleading before us to amend.

The majority's response to the Supreme Court's holding in Wellmore Coal and Davis is to note that neither case involved the precise legal issue we are called on to address. It is true, as the majority notes, that Wellmore Coal dealt with a defective notice of appeal, and Davis did not involve a motion to amend the assignment of error. It may well be that the Supreme Court intended to limit the application of both of those cases to the specific facts of each. However, unless and until the Supreme Court specifically does so, I believe that we are bound by the broader legal principles those cases announced. Accordingly, I take the Supreme Court at its

word that we do not acquire active jurisdiction to consider an appeal unless a compliant petition for appeal is filed by the required deadline and that a deficient petition for appeal is not subject to amendment after that deadline has passed.

Because Whitt failed to timely file a petition for appeal that complied with the requirements of Rule 5A:12(c)(1), I would vacate the order granting his petition and dismiss his appeal.[14]

---

[14] I recognize that Whitt has the right to move this Court for leave to pursue a delayed appeal, pursuant to Code § 19.2-321.1.

# VIRGINIA:

*In the Court of Appeals of Virginia on* **Wednesday** *the* **29th** *day of* **August, 2012**.

Roberto Tyrone Chatman,                                                                                           Appellant,

  against          Record No. 0858-11-2
                  Circuit Court Nos. CR10-609, CR10-616 and CR10-617

Commonwealth of Virginia,                                                                                        Appellee.

### From the Circuit Court of Dinwiddie County

Donte Lavell Brooks,                                                                                               Appellant,

  against          Record No. 2708-10-1
                  Circuit Court No. CR09-4095

Commonwealth of Virginia,                                                                                        Appellee.

### From the Circuit Court of the City of Chesapeake

Steve Whitt,                                                                                                          Appellant,

  against          Record No. 0885-11-3
                  Circuit Court Nos. CR953-09 and CR954-09

Commonwealth of Virginia,                                                                                        Appellee.

### From the Circuit Court of Buchanan County

### Before the Full Court

Pursuant to Code § 17.1-402(D), the Court, on its own motion, has decided to rehear these cases *en banc*. The parties shall file briefs in compliance with Rule 5A:35(b). It is further ordered that the appellant in each case shall file twelve additional copies of the appendix previously filed.

In accordance therewith, the order entered herein on August 14, 2012 is stayed pending the

decisions of the Court *en banc* and the appeals are reinstated on the docket of this Court.

A Copy,

Teste:

*original order signed by the Clerk of the
Court of Appeals of Virginia at the direction
of the Court*

Clerk

# *VIRGINIA:*

Roberto Tyrone Chatman,                                                                                     Appellant,

  against            Record No. 0858-11-2
                     Circuit Court Nos. CR10-609, CR10-616 and CR10-617

Commonwealth of Virginia,                                                                              Appellee.

From the Circuit Court of Dinwiddie County


Donte Lavell Brooks,                                                                                         Appellant,

  against            Record No. 2708-10-1
                     Circuit Court No. CR09-4095

Commonwealth of Virginia,                                                                              Appellee.

From the Circuit Court of the City of Chesapeake


Steve Whitt,                                                                                                    Appellant,

  against            Record No. 0885-11-3
                     Circuit Court Nos. CR953-09 and CR954-09

Commonwealth of Virginia,                                                                              Appellee.


From the Circuit Court of Buchanan County

Before Judges Elder, Humphreys and Petty


In these three cases,[1] we address whether the appellants failed to comply with the requirements

of Rule 5A:12(c)(1) in their respective petitions for appeal, and if so, whether such failures require us to

dismiss the appeals.  We conclude that each appellant failed to comply with Rule 5A:12(c)(1).

Moreover, in light of the Supreme Court's recent published order in Davis v. Commonwealth, 282 Va.

---

[1] We consolidate these cases for purposes of decision only.

339, 717 S.E.2d 796 (2011), we also conclude that we consequently must dismiss the appeals for lack of jurisdiction.

<u>Roberto Tyrone Chatman, No. 0858-11-2</u>

Roberto Tyrone Chatman appeals his convictions of aggravated malicious wounding, in violation of Code § 18.2-51.2(A), and abduction, in violation of Code § 18.2-47.[2] Chatman argues that the trial court erred in various respects. We granted Chatman's petition for appeal and directed the parties to address the following additional question:

> Where, as here, the only petition for appeal filed within the time period set out in Rule 5A:12(a) does not contain an exact reference to the pages of the transcript, written statement of facts, or record where the alleged error was preserved in the trial court, as required by Rule 5A:12(c)(1), does this Court have active jurisdiction to consider the appeal in light of <u>Davis v. Commonwealth</u>, 282 Va. 339, 717 S.E.2d 796 (2011), and Rule 5A:12(c)(1)(ii)?

Because we now conclude that we are without jurisdiction to consider Chatman's appeal, we dismiss it.

Rule 5A:12(a) states that "[w]hen an appeal to the Court of Appeals does not lie as a matter of right, a petition for appeal must be filed with the clerk of this Court not more than 40 days after the filing of the record with the Court of Appeals." The trial court record in Chatman's case was received in the clerk's office of this Court on June 21, 2011. Thus, Chatman's petition for appeal was originally due by July 31, 2011. However, Rule 5A:12(a) also provides that "[a]n extension of 30 days may be granted on motion in the discretion of this Court upon a showing of good cause sufficient to excuse the delay." <u>See</u> Rule 5A:3(c)(2) (providing a motion for extension of time for filing a petition pursuant to Rule 5A:12(a) is timely "if filed . . . with the specified extension period"); <u>see also</u> Code § 17.1-408 (not specifying when a motion for extension for filing a petition must be filed or granted). Chatman filed a motion for an extension of time on July 27, 2011, and this Court granted the motion on August 11, 2011,

---

[2] Chatman was also convicted of assault and battery of a family member, in violation of Code § 18.2-57.2, but he has not assigned error to anything pertinent to that conviction on appeal.

extending the deadline for the filing of Chatman's petition to August 30, 2011.  On August 29, 2011, Chatman filed his original petition for appeal.

Rule 5A:12(c)(1) requires that "[a]n exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court . . . shall be included with each assignment of error."  The assignments of error in Chatman's original petition did not contain any such references.  On September 6, 2011, the clerk's office notified Chatman of this and other deficiencies in his petition and directed him to submit a replacement petition within 10 days.  On September 16, 2011, Chatman submitted a replacement petition that again failed to contain page references to where he had preserved the alleged errors in the trial court.  On September 20, 2011, this Court entered an order requiring Chatman to file a second replacement petition in compliance with Rule 5A:12(c)(1).  Chatman then filed a second replacement petition.

After our order directing Chatman to file a second replacement petition to correct the deficient assignments of error, the Supreme Court entered a published order in the case of Davis v. Commonwealth, 282 Va. 339, 717 S.E.2d 796 (2011).[3]  In Davis, the Supreme Court dismissed an appeal for failure to comply with Rule 5:17(c)(1)(ii).  Rule 5:17 is the Supreme Court's counterpart to this Court's Rule 5A:12.  Under Rule 5:17(c)(1)(ii), "When appeal is taken from a judgment of the Court of Appeals, only assignments of error relating to assignments of error presented in, and to actions taken by, the Court of Appeals may be included in the petition for appeal to [the Supreme] Court."  The assignment of error in Davis alleged error in the trial court rather than in this Court, thereby violating the rule's directive.  Under Rule 5:17, "An assignment of error that does not address the findings or rulings in the . . . tribunal from which an appeal is taken . . . is not sufficient.  If the assignments of error are insufficient, the petition for appeal *shall be dismissed*."  Rule 5:17(c)(1)(iii) (emphasis added).

Accordingly, pursuant to the dictates of Rule 5:17, the Supreme Court dismissed the appeal in Davis, because the assignment of error "[did] not address any finding or ruling of the Court of Appeals."

---

[3] The Supreme Court denied Davis's petition for rehearing on January 20, 2012.

Davis, 282 Va. at 340, 717 S.E.2d at 797.  As the Supreme Court explained, "*[b]y prescribing dismissal of the appeal, [Rule 5:17(c)(1)(iii)] establishe[s] that the inclusion of sufficient assignments of error is a mandatory procedural requirement* and that the failure to comply with this requirement *deprives [the Supreme] Court of its active jurisdiction to consider the appeal*."  Id. at 339, 717 S.E.2d at 796-97 (emphasis added) (citing Smith v. Commonwealth, 281 Va. 464, 467-68, 706 S.E.2d 889, 891-92 (2011); Jay v. Commonwealth, 275 Va. 510, 518-19, 659 S.E.2d 311, 315-16 (2008)).

As we have stated above, Rule 5A:12(c)(1) requires that "[a]n exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court . . . shall be included with each assignment of error."  With dismissal language mirroring that in Rule 5:17, Rule 5A:12 provides: "If the assignments of error are insufficient or *otherwise fail to comply with the requirements of this Rule*, the petition for appeal *shall be dismissed*."  Rule 5A:12(c)(1)(ii) (emphasis added).  Because the Supreme Court has interpreted Rule 5:17's language, "shall be dismissed," as prescribing mandatory dismissal for lack of active jurisdiction, we are left with no alternative but to conclude that our counterpart Rule 5A:12's identical language, "shall be dismissed," also requires dismissal for lack of active jurisdiction.[4]

Heretofore, it has often been this Court's practice to permit amendments to non-conforming petitions for appeal after the filing deadline has passed.  Indeed, the language of former Rule 5A:12(c) before the July 1, 2010 amendments contained no mention of dismissal for failure to comply with its requirements.[5]  However, with the amendment of Rule 5A:12(c) to mandate dismissal of a petition "[i]f

---

[4] While we may at times refer to the procedural rules applicable to proceedings in this Court as "our Rules" or "the Rules of this Court," we recognize the Supreme Court's conclusion that the provisions of Part 5A of the Rules of the Supreme Court are "precisely that – Rules of [the Supreme] Court."  LaCava v. Commonwealth, 283 Va. 465, 471, 722 S.E.2d 838, 840 (2012).  Accordingly, we are bound by that Court's interpretation of the Rules.  See id. at 469-71, 722 S.E.2d at 840.

[5] Prior to the 2010 amendments, Rule 5A:12(c) simply required the petition for appeal to conform to the requirements for an appellant's opening brief as set forth in Rule 5A:20.  Neither Rule 5A:12(c) nor Rule 5:17(c) (nor Rule 5A:20, for that matter) prescribed dismissal for failure to conform to its requirements, except for the fact that Rule 5:17(c) prescribed dismissal for failure to include any assignments of error at all.  However, in July 2010, the Rules were significantly amended and Rules

-4-

the assignments of error . . . fail to comply with the requirements of this Rule," Rule 5A:12(c)(1)(ii), coupled with the Supreme Court's recent interpretation and application of such mandatory dismissal language in Davis, we acknowledge that our previous practice is no longer permissible. Hence, we acknowledge that we now must dismiss a petition for appeal containing assignments of error that fail to comply with the requirements of Rule 5A:12(c)(1).

Here, the only petition Chatman timely filed under Rule 5A:12(a) was the initial petition filed on August 29, 2011.[6] As already noted, the assignments of error in this petition did not contain any references to where Chatman had preserved the alleged errors in the proceedings below. Thus, the assignments of error failed to comply with the requirements of Rule 5A:12(c)(1). Furthermore, because the initial petition was non-compliant, we cannot consider an amended petition filed beyond the deadline. Cf. Wellmore Coal Corp. v. Harman Mining Corp., 264 Va. 279, 283, 568 S.E.2d 671, 673 (2002) (per curiam) (holding that an amended notice of appeal filed beyond the jurisdictional 30-day period contained in Rule 5:9(a) was invalid where the original notice of appeal was defective). Therefore, as the Supreme Court has instructed us, Chatman's failure to comply with the rule's requirements "deprives this Court of its active jurisdiction to consider the appeal," Davis, 282 Va. at 339, 717 S.E.2d at 796-97, and requires that we dismiss the appeal, see Rule 5A:12(c)(1)(ii).[7]

---

5:17 and 5A:12 rewritten. The 2010 amendments were proposed by the Appellate Rules Advisory Committee established by then Chief Justice Hassell and chaired by Justice Lemons. One of the goals of the Committee was "to harmonize the rules in the Court of Appeals with the rules in the Supreme Court." Kent Sinclair, Appellate Rules Revisions, The Va. State Bar Professional Guidelines, 1 (May 5, 2010), http://www.vsb.org/ docs/SCV-appellate-rules-05-05-10.pdf. Accordingly, excepting a few minor differences not relevant here, Rule 5:17(c)(1) and Rule 5A:12(c)(1) now contain identical mandatory dismissal language, and we must interpret the language in Rule 5A:12(c)(1) in the same way the Supreme Court has interpreted this language in Rule 5:17(c)(1).

[6] Although Rule 5A:12(a) provides for the granting of a thirty-day extension, this Court had already granted Chatman such an extension, extending the filing deadline for his petition from July 31, 2011 to August 30, 2011. Thus, August 30, 2011 was the last day Chatman had on which to file a conforming petition before we lost active jurisdiction over his appeal.

[7] We note that in Jay, the Supreme Court appeared to limit the remedy of dismissal to jurisdictional violations. 275 Va. at 517, 659 S.E.2d at 315 ("By *dismissing* rather than *denying* the appeals, the Court of Appeals rendered the requirements of Rule 5A:20(e) jurisdictional." (emphasis in

-5-

Because Chatman failed to timely file a petition for appeal that complied with the requirements of Rule 5A:12(c)(1), we must vacate the order granting his petition and dismiss his appeal.

<u>Donte Lavell Brooks, No. 2708-10-1</u>

Donte Lavell Brooks appeals his conviction of possession of cocaine, in violation of Code § 18.2-250. Brooks argues that the trial court erred in various respects. We granted Brooks's petition for appeal and directed the parties to address the following additional question:

> [W]hether the petition for appeal should be dismissed under Rule 5A:12 on the basis (1) that appellant's petition for appeal did not contain – on or before June 8, 2011, the deadline for filing appellant's petition for appeal in this Court – any reference to "the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court" from which the appeal is taken, or (2) that appellant's June 27, 2011 replacement petition for appeal did not contain "[a]n exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court" from which the appeal is taken. <u>See</u> Rule 5A:12(c)(1); <u>Davis v. Commonwealth</u>, 282 Va. 339, 717 S.E.2d 796 (2011).

We now conclude that we are without jurisdiction to consider Brooks's appeal and must dismiss it on the second of these alternative grounds.[8]

_____

original)). Subsequently, in 2010, Rule 5:1A was added to the Rules of the Supreme Court, providing that "[the Supreme] Court *may* dismiss an appeal or impose such other penalty as it deems appropriate for non-compliance with these Rules." Rule 5:1A(a) (emphasis added). The new rule also authorizes the Court, prior to dismissal, to allow a party in violation a chance to correct most defects. <u>See</u> <u>id.</u> Hence, this rule raises the question of whether the remedy of dismissal continues to be limited to jurisdictional violations. <u>See</u> <u>McDowell v. Commonwealth</u>, 282 Va. 341, 343, 718 S.E.2d 772, 774 (2011) (dismissing an appeal for appellant's failure to properly preserve an issue in the trial court). However, in 2011, the Supreme Court reaffirmed its holding in <u>Jay</u> that "by dismissing the appeal rather than denying it, the Court of Appeals erroneously rendered [Rule 5A:20(e)] jurisdictional." <u>Smith</u>, 281 Va. at 468, 706 S.E.2d at 892. Moreover, the Court in <u>Davis</u> cited both <u>Jay</u> and <u>Smith</u> in support of its holding that the dismissal language of Rule 5:17(c)(1)(iii) implies that insufficient assignments of error "deprive[] [the] Court of its active jurisdiction to consider the appeal." <u>Davis</u>, 282 Va. at 339, 717 S.E.2d at 796-97. In light of the Supreme Court's repeated affirmation of the idea that dismissal implies lack of jurisdiction, we are obligated to adhere to this principle in our analysis.

[8] For purposes of our analysis in Brooks's appeal, we assume without deciding that his replacement petition for appeal is properly before us, as it was filed on the seventieth day after the record was received in the clerk's office of this Court. <u>See</u> Rule 5A:12(a) (providing that this Court may extend the deadline for filing a petition for appeal for an additional thirty days beyond the general forty-day limit).

As we have already noted, Rule 5A:12(c)(1) requires that "[a]n *exact* reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court . . . shall be included with each assignment of error." Rule 5A:12(c)(1) (emphasis added). In Brooks's replacement petition for appeal, he included two assignments of error. For his first assignment of error, that "the trial court erred when it did not suppress the evidence obtained from the search of the vehicle," Brooks cited to the portion of the transcript containing the entire hearing on the motion to suppress as his reference to where the alleged error was preserved below. Likewise, Brooks cited the portion of the transcript containing the entire trial for his second assignment of error, that "the trial court erred when it found the circumstantial evidence sufficient to convict [him] of possession of the cocaine."

In order to ascertain how "exact" a petitioner's reference needs to be to comply with Rule 5A:12(c)(1), we find it helpful to restate the reason behind requiring an "exact" reference in the first place.[9] Under Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

> "The laudatory purpose behind Rule 5A:18 . . . is to require that objections be promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary. The rules promote orderly and efficient justice and are to be strictly enforced except where the error has resulted in manifest injustice."

Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997) (omission in original) (quoting Brown v. Commonwealth, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989)). Furthermore, Rule 5A:18 "places the parties on notice that they must give the trial court the first opportunity to rule on disputed evidentiary and procedural questions. The purpose of this rule is to allow correction of an error

---

[9] We recognize that appellate courts must have some latitude in defining the term "exact" in order to ensure that slightly overbroad or erroneous page references do not result in unwarranted dismissals. Regardless of how liberally one might construe the term, however, we find it difficult to imagine how it might include a reference to an entire hearing or trial transcript.

-7-

if possible during the trial, thereby avoiding the necessity of mistrials and reversals." Gardner v. Commonwealth, 3 Va. App. 418, 423, 350 S.E.2d 229, 232 (1986).

The role of an appellate court is to review alleged errors by the court below, and the intent behind the requirement for an "exact reference to the pages of the transcript . . . where the alleged error has been preserved in the trial court . . . from which the appeal is taken," Rule 5A:12(c)(1), is to efficiently put this Court on notice of where the party satisfied Rule 5A:18 without requiring that we engage in what would be akin to a scavenger hunt to find it. Furthermore, compliance with the rule enables this Court to quickly identify the argument of the petitioner at the trial level and the ultimate ruling made in the court below.

Satisfying the requirement of Rule 5A:12(c)(1) to provide an exact reference in the record where the alleged error was preserved is not an onerous burden and can be met by simply citing the page(s) of the record where the objection or motion below was made and the grounds therefor stated. It is clear that Brooks did not do so in this case. By citing the entire transcript of the proceedings on the motion to suppress and the trial below, Brooks attempts to circumvent the obvious purpose behind the rule. While his broad reference necessarily encompassed his specific objections and the trial court's rulings, it also included many pages of testimony that contained no part of any allegation by Brooks of potential error by the trial court or his supporting legal theory. Thus, instead of enabling this Court to readily and efficiently identify the points at which he stated his legal position to the trial court, Brooks would require us to search through the entire proceedings below to identify such points. Indeed, if such broad references were sufficient, the rule would be superfluous.

As we explained above in our discussion of Chatman's appeal, the amended mandatory dismissal language of Rule 5A:12(c)(1), together with the Supreme Court's recent directive in Davis, requires us to dismiss a petition for appeal that fails to comply with the requirements of Rule 5A:12(c)(1). Brooks's replacement petition for appeal in this case failed to comply with a mandatory requirement of Rule 5A:12(c)(1). Thus, as the Supreme Court has directed, Brooks's failure to comply with the rule's

-8-

requirements "deprives this Court of its active jurisdiction to consider the appeal," Davis, 282 Va. at 339, 717 S.E.2d at 796-97, and requires that we dismiss the appeal, see Rule 5A:12(c)(1)(ii).

As with Chatman's appeal, because Brooks failed to file a petition for appeal that complied with the requirements of Rule 5A:12(c)(1), we must vacate the order granting his petition and dismiss his appeal.

### Steve Whitt, No. 0885-11-3

Steve Whitt appeals his two convictions for attempted capital murder of a law enforcement officer, in violation of Code § 18.2-31. Whitt's single assignment of error reads as follows: "The circuit court judge committed error by not dismissing the convictions against the appellant based upon insufficient evidence as a matter of law."[10] The Commonwealth moved to dismiss Whitt's petition for appeal for failure to include an adequate assignment of error. We granted the petition and directed the parties to address the following additional question:

> Is an assignment of error stating "[t]he circuit court judge committed error by not dismissing the convictions against the appellant based upon insufficient evidence as a matter of law," an insufficient assignment of error under Rule 5A:12(c)(1)(ii) and, if so, does this Court have active jurisdiction to consider the appeal in light of Davis v. Commonwealth, 282 Va. 339, 717 S.E.2d 796 (2011)?

Because we now conclude that we are without jurisdiction to consider Whitt's appeal, we dismiss it.

The requirements for an acceptable assignment of error are not of recent vintage. It has long been established that "'[t]he purpose of assignments of error is to point out the errors with reasonable certainty in order to direct [the] court and opposing counsel to the points on which appellant intends to

---

[10] Whitt requested permission from this Court to file an amended petition for appeal with a modified assignment of error. However, he made this request on the seventy-first day after the record had been filed with this Court. Hence, his request was beyond the time period permitted for filing a petition for appeal. See Code § 17.1-408 (providing for a potential maximum of seventy days, if the Court grants an extension of time, for the filing of a petition for appeal); Rule 5A:12(a) (same). Thus, we consider only his original assignment of error contained in his petition for appeal that was timely filed.

ask a reversal of the judgment, and to limit discussion to these points.'" Yeatts v. Murray, 249 Va. 285, 290, 455 S.E.2d 18, 21 (1995) (quoting Harlow v. Commonwealth, 195 Va. 269, 271, 77 S.E.2d 851, 853 (1953)). Consequently, it is the duty of an appellant's counsel "to 'lay his finger on the error' in his [assignments of error]," Carroll v. Commonwealth, 280 Va. 641, 649, 701 S.E.2d 414, 418 (2010) (quoting First Nat'l Bank of Richmond v. William R. Trigg Co., 106 Va. 327, 342, 56 S.E. 158, 163 (1907)), and not to invite an appellate court "to delve into the record and winnow the chaff from the wheat," Loughran v. Kincheloe, 160 Va. 292, 298, 168 S.E. 362, 364 (1933).

Simply alleging, as Whitt has done here in his assignment of error, that the evidence was insufficient to support his convictions as a matter of law fails to point out any particular error "with reasonable certainty." Rather than laying his finger on the error he wishes us to address, Whitt's counsel has essentially invited us "to delve into the record and winnow the chaff from the wheat." An assignment of error that simply alleges insufficient evidence is broad enough to encompass numerous discrete and unrelated arguments based on the various elements of any given offense (e.g., lack of the requisite intent to commit the crime or misidentification of the perpetrator). It would even permit an appellant to include an evidentiary argument. Rushing v. Commonwealth, 284 Va. 270, 277-78, 726 S.E.2d 333, 338 (2012) (holding that an argument regarding the admissibility of evidence may properly be made as the reason why the evidence is insufficient). But see John Crane, Inc. v. Hardick, 283 Va. 358, 376, 722 S.E.2d 610, 620 (2012) (recognizing that "whether evidence is admissible is a separate issue from whether that evidence is sufficient" and thus holding that an argument only attacking the sufficiency of the evidence does not adequately support an assignment of error challenging only the admissibility of evidence).

Were we to grant a petition for appeal containing an assignment of error that only generally alleged insufficient evidence, an appellant, in his brief on the merits, could add completely new arguments not raised in his petition, as long as he had preserved such arguments below. Such maneuvers would require this Court to address arguments that it never intended to address when

granting the petition. Cf. Hamilton Dev. Co. v. Broad Rock Club, Inc., 248 Va. 40, 43-44, 445 S.E.2d 140, 142-43 (1994) (refusing to consider an argument encompassed by the revised language of an assignment of error that the appellant had modified after his petition for appeal had been granted).

Thus, Whitt's assignment of error, which alleges only a general insufficiency of the evidence as a matter of law, fails to meet the long-established standard for assignments of error. Accordingly, his petition violated Rule 5A:12(c)(1)'s requirement that a petition "shall list, clearly and concisely and without extraneous argument, the *specific errors* in the rulings below upon which the party intends to rely." Rule 5A:12(c)(1) (emphasis added); see Commonwealth Transp. Comm'r v. Target Corp., 274 Va. 341, 352-53, 650 S.E.2d 92, 98 (2007) (holding that an assignment of error stating, "The trial court erred in failing to find that the jury commissioners' report is contrary to the evidence at trial," violated Rule 5:17(c)).

The Supreme Court has traditionally adjudged imprecise assignments of error to be in violation of the procedural requirements for assignments of error. See, e.g., Harlow, 195 Va. at 272-73, 77 S.E.2d at 853-54 (collecting and discussing cases). What the Supreme Court has done recently in Davis is to clarify that insufficient assignments of error deprive an appellate court of its active jurisdiction over an appeal. As we have explained above in our discussion of Chatman's appeal, the Supreme Court's decision in Davis requires us to dismiss petitions for appeal that fail to comply with the requirements of Rule 5A:12(c)(1).

Therefore, as with the other two appeals we have addressed in this order, because Whitt failed to timely file a petition for appeal that complied with the requirements of Rule 5A:12(c)(1), we must vacate the order granting his petition and dismiss his appeal.

_____

Elder, J., concurring, in part, and dissenting, in part.

Although I admire the efforts of the majority to discern and comply with the Supreme Court's relevant holdings in this area, I believe it applies these holdings and the applicable rules more rigidly

-11-

than necessary. In my view, the Supreme Court's relevant decisions leave room for the conclusion that this Court obtains active jurisdiction to adjudicate an appeal when the appellant timely files a petition that substantially complies with Rule 5A:12(c). Because I believe a more lenient interpretation of the Rules better serves public policy, I would conclude we obtain active jurisdiction over a substantially compliant petition for appeal and would continue our practice of allowing a reasonable time for the correction of minor non-jurisdictional deficiencies, unless and until the Supreme Court provides unequivocally to the contrary. Thus, I concur in the majority's decision vacating the order granting the petition for appeal of Whitt and dismissing that appeal. However, as to the appeals of Brooks and Chatman, I would conclude dismissal is not required and would affirm the challenged convictions. Thus, I respectfully dissent from the majority's holdings as to Brooks and Chatman.

## I. APPLICABLE CASE PRECEDENT & RULES OF COURT

As the majority acknowledges, *supra* at page 4, prior to the instant decision, "it has often been this Court's practice to permit amendments to non-conforming petitions for appeal after the filing deadline has passed." Prior to the amendment of the Rules in 2010, the Supreme Court's decisions supported this practice. See Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008) (recognizing this Court may "require an appellant to re-submit [a] petition for appeal" when the Court otherwise has jurisdiction but the petition fails to comply with a formatting rule), cited with approval on other grounds in Davis v. Commonwealth, 282 Va. 339, 340, 717 S.E.2d 796, 797 (2011), and Smith v. Commonwealth, 281 Va. 464, 468, 706 S.E.2d 889, 892 (2011); Moore v. Commonwealth, 276 Va. 747, 753, 668 S.E.2d 150, 153 (2008) (recognizing Jay as holding that whereas the time for filing a petition for appeal under Rule 5A:3(a) is jurisdictional, the requirements of Rule 5A:12(c) "have been expressly held to be not jurisdictional"); Riner v. Commonwealth, 40 Va. App. 440, 453-54, 579 S.E.2d 671, 678-79 (2003) (allowing an appellant, with leave of court, after the initial petition was filed and granted but before the appeal was heard on the merits, to expand the scope of the questions presented despite

language in Rule 5A:12(c) requiring that "the petition for appeal *shall* contain the questions presented" (emphasis added)), aff'd, 268 Va. 296, 601 S.E.2d 55 (2004).

Only four months before the amendments to the Rules took effect, the Supreme Court considered "what is required for an appellate court to acquire [*active*] jurisdiction over a case that falls within its *potential* jurisdiction." Ghameshlouy v. Commonwealth, 279 Va. 379, 390, 698 S.E.2d 698, 703 (2010) (emphasis added). It noted in Ghameshlouy that "filing a timely notice of appeal is a mandatory prerequisite to an appellate court acquiring jurisdiction over a case." Id. at 390, 689 S.E.2d at 703-04; see also Wellmore Coal Corp. v. Harman Mining Corp., 264 Va. 279, 568 S.E.2d 671 (2002) (holding notice of appeal filed pursuant to Rule 5:9(a) was invalid because it was signed only by out-of-state counsel and not by associated local counsel, as required by Rule 1A:4(2), and that because that rule *expressly* defined a notice lacking such a signature as "invalid," meaning "not legally binding" or "ha[ving] no legal effect," the Court did not obtain jurisdiction over the appeal during the thirty-day appeal period and, thus, that the attempted amendment did not revive the appeal). However, it explained further that

> not every requirement of the rule prescribing when and how a notice of appeal is to be prepared and filed implicates the court's initial acquisition of jurisdiction. Thus, we have never required that a notice of appeal be precise, accurate, and correct in every detail before the appellate court can acquire jurisdiction over the case in which the notice is filed. To the contrary, both this Court and the Court of Appeals have consistently held that most statutory and rule-based procedural prerequisites for the valid exercise of jurisdiction by a court may be waived, even when couched in mandatory terms by the language of the statute or rule.

Ghameshlouy, 279 Va. at 391, 689 S.E.2d at 704. In support of that principle, the Court cited with approval both its decision in Jay and the Court of Appeals' decision in Riner, which it summarized as "holding that Rule 5A:12 was not jurisdictional and, thus, did not bar the Court from granting an appellant leave to amend and enlarge the questions presented in his petition for appeal." Ghameshlouy, 279 Va. at 391-92, 689 S.E.2d at 704 (citing Riner, 40 Va. App. at 452-53, 579 S.E.2d at 677-78). With those principles in mind, the Court determined "the notice of appeal timely filed by Ghameshlouy . . . ,

although defective[ and 'not a model of clarity'], was sufficient to cause the potential jurisdiction of the

Court of Appeals to consider such appeals to ripen into active jurisdiction over this specific case." Id. at

394, 698 S.E.2d at 705.

Since the amendments to the Rules took effect in 2010, the Supreme Court has issued two

relevant decisions in which it cited liberally to its pre-amendment case decisions. In Smith v.

Commonwealth, 281 Va. 464, 706 S.E.2d 889 (2011), which involved a transcript filed eight days late

under Rule 5A:8, the Court reiterated as follows:

> In Ghameshlouy, we identified compliance with the appellate rule
> requiring the timely filing of a notice of appeal, Rule 5A:6, as an element
> which must be present to transform an appellate court's potential
> jurisdiction to proceed to judgment into active jurisdiction to do so. This
> rule demands mandatory compliance and is "a prerequisite to an appellate
> court's obtaining and exercising jurisdiction over a case." [Ghameshlouy,
> 279 Va.] at 391, 689 S.E.2d at 704. Similarly, noncompliance with the
> rule involving the timely filing of a petition for appeal and including
> assignments of error in that petition deprive[s] the appellate court of active
> jurisdiction over the appeal. Rule 5:17. Not all procedural rules, however,
> are treated as mandatory or jurisdictional, carrying a consequence of
> dismissal for noncompliance. Jay involved the dismissal of an appeal by
> the Court of Appeals for noncompliance with the rule requiring
> presentation of arguments on brief, Rule 5A:20(e). We reversed the Court
> of Appeals' decision, holding that, by dismissing the appeal rather than
> denying it, the Court of Appeals erroneously rendered the rule
> jurisdictional. Noncompliance with that rule may have prevented the
> Court of Appeals from resolving the issue due to waiver, but it did not
> defeat the active jurisdiction of the Court of Appeals to proceed to
> judgment in the appeal.
>
> In our view, the timely filing requirement of Rule 5A:8 [for a
> transcript or statement of facts], like the rule at issue in Jay, is not a
> mandatory procedural rule that is necessary to enable the potential
> jurisdiction of the appellate court to become active jurisdiction and
> proceed to a valid decree or disposition. . . . Elements required to ripen
> the appellate court's potential jurisdiction into active jurisdiction are
> elements that must be applicable in every appeal; they cannot be [rules
> that may be] selectively applied depending on the issues presented in the
> appeal.
>
> Furthermore, cases contain issues that are not resolved *on the
> merits* in the appeal because of noncompliance with the appellate rules,
> including the rule relating to the filing of transcripts. Examples include
> the failure to present argument on an assigned error, the failure to proffer
> certain excluded testimony that is the subject of an appeal, or the failure to

> include a rejected jury instruction. In these circumstances, we consider the issue waived and resolve the case on the basis of those issues properly presented to us. We do not treat the absence of these elements as defeating our ability to exercise active jurisdiction over the appeal, even though they may preclude us from resolving the issue. Indeed, included within appellate review of a case is consideration of whether an issue is defaulted or waived on appeal.

Id. at 467-69, 706 S.E.2d at 892 (citations omitted) (emphasis added).

In Davis v. Commonwealth, 282 Va. 339, 717 S.E.2d 796 (2011), the Court applied Smith's theory of active jurisdiction to Rule 5:17, dealing with the phrasing of an appellant's assignments of error. Before the Court of Appeals, Davis argued that the trial court erred in accepting his guilty plea. The Court of Appeals denied the appeal on the ground that his guilty plea waived all non-jurisdictional defects. In his appeal to the Supreme Court, Davis again assigned as error *the trial court's* acceptance of his guilty plea and did not assign error to *the Court of Appeals'* holding that his guilty plea waived non-jurisdictional defects. The Supreme Court held as follows:

> The Rules of the Supreme Court of Virginia *have long provided* that in appeals from the Court of Appeals, this Court will consider "only assignments of error relating to assignments of error presented in, and to actions taken by, the Court of Appeals . . . ." Rule 5:17(c)(1)(ii). Effective July 1, 2010, subparagraph (c)(1)(iii) was added to Rule 5:17. That amendment provides that an assignment of error that does not address a finding or ruling of a "[t]ribunal from which an appeal is taken" is insufficient and that "[i]f the assignments of error are insufficient, the petition for appeal shall be dismissed." Rule 5:17(c)(1)(ii). By prescribing dismissal of the appeal, this amendment established that the inclusion of sufficient assignments of error is a mandatory procedural requirement and that the failure to comply with this requirement deprives this Court of its active jurisdiction to consider the appeal. Smith[, 281 Va. at 467-68, 706 S.E.2d at 891-92]; Jay[, 275 Va. at 518-19, 659 S.E.2d at 315-16].

Id. at 339-40, 717 S.E.2d at 796-97 (emphasis added). Because Davis' sole assignment of error "[did] not address any finding or ruling of the Court of Appeals," the Court dismissed the appeal. Id. at 340, 717 S.E.2d at 797 (citing Rule 5:17(c)(1)(iii)).

The majority concludes the holding in Davis mandates dismissal of any petition which does not fully comply with Rule 5A:12(c)(1)'s requirements before the time limits of that rule and Code

§ 17.1-408 expire.[11] Based on the applicable precedent and rules, I would reach a somewhat different conclusion for two reasons.

First, Davis involved Rule 5:17(c), applicable to proceedings in the Supreme Court, which states that "If the assignments of error are insufficient, the petition for appeal shall be dismissed." It was in this context that the Court held dismissal was required in Davis. However, the similar rule applicable in the Court of Appeals, Rule 5A:12(c), contains additional language not present in Rule 5:17(c) and provides that "If the assignments of error are insufficient *or otherwise fail to comply with the requirements of this Rule*, the petition for appeal shall be dismissed." Rule 5A:12(c) (emphasis added). Thus, the Supreme Court, in deciding Davis, simply did not address the meaning of this additional language in Rule 5A:12(c) and whether it *mandates* dismissal of an otherwise substantially compliant petition. See Rule 5:17(c) (providing prior to the 2010 amendment that "only assignments of error relating to questions presented in, or actions taken by, the Court of Appeals may be included in the petition for appeal to this court" and that "the appeal will be dismissed" only "[i]f the petition for appeal does not contain assignments of error" or does not state "in what respect the decision of the Court of Appeals involves (1) a substantial constitutional question as a determinative issue, or (2) matters of significant precedential value").

Second, Davis addressed deficiencies in the granted assignment of error detected *at the merits stage* of the proceedings. It did not address the Court's discretion, *at the petition stage*, to allow an appellant a reasonable amount of time to remedy non-jurisdictional deficiencies in a timely filed petition

---

[11] The Commonwealth concedes this Court has both the ability to exercise its inherent authority to require a party to correct a pleading and authority pursuant to Code § 17.1-408 and Rule 5A:12(a) to extend the time in which a conforming petition may be filed. Code § 17.1-408 and Rule 5A:12(a) authorize a thirty-day extension of the forty-day deadline for filing a petition for appeal, which allows us in our discretion to consider as timely a petition filed within seventy days after receipt of the record in the Court of Appeals. See Code § 17.1-408 (not specifying by when a motion for extension for filing a petition must be filed or granted); Rule 5A:3(c)(2) (providing a motion for extension for filing a petition pursuant to Rule 5A:12(a) is timely "if filed . . . within the specified extension period"). I agree with this concession as far as it goes but would hold, as discussed *infra* in the text, that our authority extends further.

-16-

which contains sufficient assignments of error and otherwise substantially complies with the applicable rule.  See Nelms v. Vaughan, 84 Va. 696, 700, 5 S.E. 704, 706 (1888) (providing that "whether [a] statute [using the word 'shall' is] mandatory or not depend[s] upon whether the thing directed to be done [is] *the essence* of the thing required" and that even where a statute is mandatory, if its provisions "hav[e] been *substantially complied with* in all essential particulars, . . . there can be no doubt . . . that the matter is *within the jurisdiction* of [the Court]" (emphases added)).

We must presume the Supreme Court is aware of its own decisions.  Cf. Weathers v. Commonwealth, 262 Va. 803, 805, 553 S.E.2d 729, 730 (2001) ("When the General Assembly acts in an area in which one of its appellate courts already has spoken, it is presumed to know the law as the court has stated it and to acquiesce therein, and if the legislature intends to countermand such appellate decision it must do so explicitly.").  When the Supreme Court amended the Rules of Court to provide that a petition "shall be dismissed" based on certain deficiencies and applied Rule 5:17 in Davis, it provided no indication that it meant to deprive this Court of the opportunity, in its discretion, to give a party who had substantially complied with Rule 5A:12(c) the chance to submit an amended petition to correct any non-jurisdictional deficiencies in order to comply fully with the rule.  See Jay, 275 Va. at 520, 659 S.E.2d at 317 (recognizing in a pre-amendment case that this Court may "require an appellant to re-submit [a] petition for appeal" when the Court otherwise has jurisdiction but the petition fails to comply with a formatting rule), cited with approval on other grounds in Davis, 282 Va. at 340, 717 S.E.2d at 797, and Smith, 281 Va. at 468, 706 S.E.2d at 892; Yarbrough v. Commonwealth, 258 Va. 347, 361, 519 S.E.2d 602, 608 (1999) (recognizing the "inherent authority [of the Court] to administer cases on its docket"); see also Riner, 40 Va. App. at 454, 579 S.E.2d at 679 (relying in part on Yarbrough's recognition of inherent authority in support of its interpretation of prior Rule 5A:12 to allow the Court, in its discretion, to expand an otherwise timely filed and properly constituted petition for appeal by adding an additional assignment of error), quoted with approval in Ghameshlouy, 279 Va. at 391-92, 689 S.E.2d at 704, and Jay, 275 Va. at 518, 659 S.E.2d at 315.  Thus, as to non-jurisdictional

deficiencies, I would hold Rule 5A:12(c)(1)'s dismissal requirement comes into play only *after* this Court has had the opportunity, in its discretion, to direct an appellant to correct such deficiencies in a substantially compliant petition and resubmit it by a date certain, even if that date falls outside the filing deadlines allowed by the applicable statutes and rules.

Whether to act *sua sponte* to notify an appellant of such a deficiency and give the appellant an opportunity to correct it rests within the sound discretion of the Court. An appellant who submits a deficient petition "acts at his peril" because the Court is compelled neither to examine the petition to identify any errors at that stage of the proceedings nor "to grant . . . leave" to correct any errors it does identify, cf. Riner, 40 Va. App. at 454, 579 S.E.2d at 678 (granting discretionary leave to enlarge a petition to add an additional issue).[12] But where the Court identifies such an error and the appellant corrects it within the time allowed by the Court, I would hold the petition meets the requirements of Rule 5A:12(c) and dismissal is not required.

This approach would provide a more efficient use of judicial and other resources by preventing the need for an appellant to seek a delayed appeal. See Code § 19.2-321.1 (permitting this Court to grant a motion for a delayed appeal "[w]hen, due to the error, neglect, or fault of counsel representing the appellant, or of the court reporter, or of the circuit court or an officer or employee thereof, an appeal in a criminal case has . . . been dismissed for failure to adhere to proper form, procedures, or time limits in the perfection of the appeal" if certain other requisites are met). The filing of a delayed appeal increases the administrative burdens on this Court and the local Commonwealth's Attorney or Attorney General and may also require the payment of additional fees to defense counsel.

In sum, under my analysis, whether dismissal is required under Rule 5A:12(c) turns on whether the deficiencies in the petition were of sufficient significance to prevent this Court from obtaining active jurisdiction over the appeals.

---

[12] Of course an appellant remains free to submit a corrected petition *without* leave of Court any time within the filing period prescribed in the applicable statute and rule. See Code § 17.1-408; Rule 5A:12(a).

## II. ANALYSIS

### A. Steve Whitt, No. 0885-11-3

In Whitt's timely petition for appeal, he included a single assignment of error: "The circuit court judge committed error by not dismissing the convictions against the appellant based on insufficient evidence as a matter of law." Whitt's argument in his petition challenged the sufficiency of the evidence to prove two specific elements of the crime of attempted capital murder of a police officer—intent to kill and an act in furtherance of the attempt.

The Commonwealth's attorney filed a brief in opposition in which he moved to dismiss the petition as failing to comply with Rule 5A:12(c)(1)(ii), noting that although Whitt challenged only two elements of the offense in his written argument, his assignment of error was not so limited.

On the seventy-first day after our receipt of the record, Whitt filed a response to the motion to dismiss in which he contended his petition was adequate. In the alternative, he moved the Court to allow him to amend his petition to substitute the following assignment of error: "The circuit court judge committed error by not dismissing the convictions against the appellant based upon insufficient evidence as a matter of law regarding the elements of intent and overt, but ineffectual action."

Without ruling on the motion to dismiss or Whitt's motion to amend, a judge of this Court granted his petition on his original assignment of error and directed the parties to address, in addition, whether Whitt's original assignment of error was insufficient under Rule 5A:12(c)(1)(ii) and, if so, whether this Court had active jurisdiction to consider the appeal.

On these facts, I agree dismissal is mandated by Rule 5A:12(c)(1)(ii), which provides "[a]n assignment of error . . . which merely states that the judgment or award is contrary to the law and the evidence is not sufficient" and that "[i]f the assignments of error are insufficient . . . , the petition for appeal shall be dismissed." See Davis, 282 Va. at 339-40, 717 S.E.2d at 796-97 (holding similar Rule 5:17 "establish[es] the inclusion of sufficient assignments of error is a mandatory procedural

requirement and that the failure to comply with this requirement deprives this Court of its active jurisdiction to consider the appeal").

Simply alleging, as Whitt does in his original assignment of error, that the evidence was insufficient to support his convictions as a matter of law fails to point out any particular error "'with reasonable certainty,'" Yeatts, 249 Va. at 290, 455 S.E.2d at 21 (quoting Harlow v. Commonwealth, 195 Va. 269, 271, 77 S.E.2d 851, 853 (1953)). Although Whitt moved to amend his assignment of error, he did so beyond the time period specified in Code § 17.1-408 and Rule 5A:12(a) for the filing of his petition. Whitt's granted assignment of error, which alleged only general insufficiency of the evidence as a matter of law, fails to meet the long-established standard for assignments of error. Thus, his petition violated Rule 5A:12(c)(1)'s requirement that a petition "shall list, clearly and concisely and without extraneous argument, the *specific errors* in the rulings below upon which the party intends to rely." Rule 5A:12(c)(1) (emphasis added); see Commonwealth Transp. Comm'r v. Target Corp., 274 Va. 341, 352-53, 650 S.E.2d 92, 98 (2007). The Supreme Court's decision in Davis, coupled with the 2010 amendments to the Rules of Court, provide that insufficient assignments of error deprive an appellate court of its active jurisdiction over an appeal.

Thus, I join the majority's decision vacating the order granting Whitt's petition and dismissing his appeal.

### B. Donte Lavell Brooks, No. 2708-10-1

Brooks challenges his conviction for possessing cocaine.

### 1. Procedural Issues

Brooks filed a timely petition for appeal contending the trial court erroneously denied his motion to suppress and found the evidence was sufficient to prove possession of cocaine. This Court then notified him that his petition for appeal did not comply with Rule 5A:12(c)(1) because "[t]he assignments of error included in the petition do not contain an exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial

court from which the appeal is taken." Brooks submitted a replacement petition within ten days as directed by the Court, which was also within seventy days of the date the record was received by the Court of Appeals, as permitted under Code § 17.1-408 and Rule 5A:12(a). Thereafter, we granted Brooks' petition for appeal and directed that the parties address, in addition, whether the petition should be dismissed under Rule 5A:12 due to his failure to include exact page references showing where he preserved the alleged errors in the trial court.

Assuming without deciding Brooks' page number citations in his replacement petition were too expansive to constitute "[a]n exact reference" to the pages of the record on which the assignments were preserved, I would hold that this deficiency does not mandate dismissal based on a lack of jurisdiction. Rule 5A:12(c) provides that "[a]n exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court or other tribunal from which the appeal is taken shall be included *with* each assignment of error." Rule 5A:12(c)(1) (emphasis added). The fact that the rule requires page numbers to be provided "with" each assignment of error clearly distinguishes the two: the required page number reference is not part of the assignment of error to which it pertains. Thus, an inadequacy in citation to page numbers showing preservation is not subject to the holding in Davis that Rule 5A:12(c)(1)(ii), by analogy to Rule 5:17(c), mandates dismissal for lack of jurisdiction where "the assignments of error are insufficient." To the extent Brooks' failure to cite to the precise page numbers showing preservation constitutes "otherwise fail[ing] to comply with the requirements of this Rule," as contained in the second clause of Rule 5A:12(c)(1)(ii), I would conclude the Supreme Court has not held this failure deprives the Court of active jurisdiction over the appeal. See Davis, 282 Va. at 339-40, 717 S.E.2d at 796-97 (addressing the meaning of Rule 5:17, applicable to the Supreme Court, requiring that "[i]f the assignments of error are insufficient, the petition for appeal shall be dismissed," and not including the additional language present in Rule 5A:12(c), "or otherwise fail to comply with the requirements of this Rule").

Thus, I would conclude the Court obtained active jurisdiction to consider the appeal. I would next apply the holding in Jay, 275 Va. at 520, 659 S.E.2d at 317, to Brooks' imprecise page number citations to determine "whether [the] failure to strictly adhere to the requirements" of the portion of Rule 5A:12(c)(1) requiring "[a]n exact reference to the page(s) of the transcript . . . where the alleged error has been preserved" is "significant," as required to support a conclusion that Brooks waived his assignments of error. I would conclude Brooks' page references here provide sufficient specificity to permit us to review the issues without sacrificing judicial economy. As to the assignment of error challenging the trial court's denial of his suppression motion, Brooks cites the entire transcript from the suppression hearing. However, that transcript is only thirty-seven pages long; the eight pages of his attorney's argument, which are contained at the beginning and ending of the passage he cites, are readily discernible as a result of his page citation. Similarly, as to his assignment of error challenging the sufficiency of the evidence, Brooks cites twenty-eight pages of the trial transcript, including four pages of Brooks' attorney's argument as well as Brooks' own testimony, which supports his motion. Although those twenty-eight pages also include the Commonwealth's rebuttal evidence, the four pages of Brooks' counsel's argument preserving the sufficiency issue are readily discernible as a result of his page citation. Thus, I would conclude Brooks' violation of the rule was not significant and that no waiver occurred, and I would proceed to address the merits of his appeal.

## 2. Merits

Brooks argues the denial of his motion to suppress was error and that the evidence was insufficient to support his conviction.

### a. Motion to Suppress

Brooks concedes Officer Johnson was justified in conducting a traffic stop but contends the search of his car for weapons violated his Fourth Amendment rights.

On appeal of a ruling on a motion to suppress, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to

the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc); see McCain v. Commonwealth, 261 Va. 483, 490, 545 S.E.2d 541, 545 (2001). However, we review *de novo* the trial court's application of defined legal standards, such as whether the police had reasonable suspicion or probable cause for a search or seizure. Ornelas v. United States, 517 U.S. 690, 699 (1996). Our review of the existence of probable cause or reasonable suspicion involves application of an objective rather than subjective standard. See, e.g., Whren v. United States, 517 U.S. 806, 812-13 (1996).

"In Terry v. Ohio, 392 U.S. 1 (1968), the United States Supreme Court approved 'a protective search for weapons in the absence of probable cause to arrest . . . when [a police officer] possesses an articulable suspicion that an individual is armed and dangerous.'" Pierson v. Commonwealth, 16 Va. App. 202, 204, 428 S.E.2d 758, 759 (1993) (quoting Michigan v. Long, 463 U.S. 1032, 1034 (1983)). The holding in Long extended a Terry search for weapons into those areas where the suspect might reach for weapons, for example, the passenger compartment of the suspect's vehicle. Because of the "'inordinate risk confronting an officer as he approaches a person seated in an automobile,'" Long, 463 U.S. at 1048 (quoting Pennsylvania v. Mimms, 434 U.S. 106, 110 (1977)), if a police officer "possesses a reasonable belief based on 'specific and articulable facts which . . . reasonably warrant' the officer in believing the suspect is dangerous and . . . may gain immediate control of weapons," "the officer  may conduct a . . . frisk of the suspect himself and search the accessible areas of the passenger compartment of the car in which a weapon might be hidden." Stanley v. Commonwealth, 16 Va. App. 873, 875, 433 S.E.2d 512, 514 (1993) (quoting Long, 463 U.S. at 1049-50). An officer need only believe the suspect reasonably *might* have a weapon and gain control of it. The degree of certainty required by the reasonable suspicion standard is "considerably [lower] than proof of wrongdoing by a preponderance of the evidence, and obviously less demanding than that for probable cause." Perry v. Commonwealth, 280 Va. 572, 581, 701 S.E.2d 431, 436 (2010).

In this case, Officer Johnson observed Brooks as he reached toward the back seat, then to the glove compartment. Despite Officer Johnson's requests for Brooks to look in the glove compartment for the vehicle registration, Brooks refused. Then, after Officer Johnson walked away, Brooks moved toward the glove compartment again. I would hold this "suspicious and furtive conduct" by Brooks created an objectively reasonable "concern for [Officer Johnson's] security[] and [that] he acted reasonably and appropriately to minimize the threat." Pierson, 16 Va. App. at 205, 428 S.E.2d at 760; see Whren, 517 U.S. at 814.

### b.  Sufficiency of the Evidence

Brooks also challenges the sufficiency of the evidence to prove he constructively possessed the cocaine found in the car's glove compartment.

On appeal, "we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). "The Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned or placed the [contraband] . . . ." Brown v. Commonwealth, 15 Va. App. 1, 10, 421 S.E.2d 877, 883 (1992) (en banc).

> Ownership or occupancy of a vehicle . . . where . . . [contraband is] found is a circumstance that may be considered together with other evidence tending to prove that the owner or occupant exercised dominion and control over items in the vehicle . . . in order to prove that the owner or occupant constructively possessed the contraband . . . . Furthermore, proof that a person is in close proximity to contraband is a relevant fact that, depending on the circumstances, may tend to show that, as an owner

-24-

> or occupant . . . of a vehicle, the person necessarily knows of the presence, nature and character of a substance that is found there.

Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992).

Brooks was alone in the vehicle where the drugs were found in the glove box, within Brooks' arm's reach. Brooks was in an area known for a high incidence of drug activity. Brooks' repeated reaching into and toward the glove box, as well as his refusal to open the glove box in front of the officer, demonstrated his knowledge that contraband was located there. No evidence tended to prove the scale bearing cocaine residue was left in the glove box by another person. Accordingly, I would hold the evidence was sufficient to prove beyond a reasonable doubt that Brooks knew of the cocaine in the glove compartment, that it was subject to his dominion and control, and that he was guilty of the charged offense.

Thus, I would affirm Brooks' conviction.

### C. Roberto Tyrone Chatman, No. 0858-11-2

Chatman appeals his convictions for aggravated malicious wounding and abduction.[13]

### 1. Procedural Issues

Chatman filed a timely petition for appeal challenging the sufficiency of the evidence to support his convictions on various specific grounds. His petition included a heading entitled "Assignment of Error," with three numbered paragraphs worded as questions. His petition failed to include "with each assignment of error" "[a]n exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court," as required by Rule 5A:12(c)(1). The clerk's office of this Court then notified Chatman that it interpreted his petition as failing to comply with Rule 5A:12(c)(1) because it did not contain assignments of error, which it indicated were affirmative statements rather than questions. The notice further indicated the petition failed to comply

---

[13] Chatman was also convicted of assault and battery of a family member, but he has not assigned error to anything pertinent to that conviction on appeal.

with that rule because it did not include "an exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court."

Chatman then filed a replacement petition for appeal outside the seventy-day time frame for filing allowed by Code § 17.1-408 and Rule 5A:12(a), although within the time ordered by this Court. That petition contained assignments of error worded as affirmative statements, but the petition still lacked page references indicating where in the record each assignment of error had been preserved. This Court issued an order granting Chatman an additional period of ten days in which to submit a replacement petition. Chatman then filed a second replacement petition, which contained the "exact [page] reference[s]" required. Again, this filing was outside the seventy-day period allowed by Code § 17.1-408 and Rule 5A:12(a) but within the time ordered by this Court.

We then granted Chatman's petition for appeal and directed the parties to address whether the Court had active jurisdiction to consider the appeal in light of Chatman's failure in his original and only timely filed petition to include an exact reference to the pages of the transcript, written statement of facts, or record where the alleged error was preserved in the trial court, as required by Rule 5A:12(c)(1). The Commonwealth, in its brief on the merits, also raised the issue of Chatman's failure in his original and only timely filed petition to word his assignments of error as affirmative statements rather than questions.

I would hold Chatman's failure in his original petition to cite the page numbers on which the alleged errors were preserved does not mandate dismissal based on a lack of jurisdiction. As discussed *supra*, in Part II.B.1., the fact that Rule 5A:12(c) requires page numbers to be provided "with" each assignment of error clearly distinguishes the two: the required page number reference is not part of the assignment of error to which it pertains. Thus, an inadequacy in citation to page numbers showing preservation is not subject to the provision of Rule 5A:12(c)(1)(ii) mandating dismissal for lack of jurisdiction where "the assignments of error are insufficient." To the extent Chatman's failure to cite to the page numbers showing preservation constitutes "otherwise fail[ing] to comply with the requirements

-26-

of this Rule," as required by the second clause of Rule 5A:12(c)(1)(ii), I would conclude, as above, that the Supreme Court has not held this failure deprives the Court of active jurisdiction over the appeal. See Davis, 282 Va. at 339-40, 717 S.E.2d at 796-97 (addressing the meaning of Rule 5:17, applicable to the Supreme Court, requiring that "[i]f the assignments of error are insufficient, the petition for appeal shall be dismissed," and not including the additional language present in Rule 5A:12(c), "or otherwise fail to comply with the requirements of this Rule").

Further, nothing in Rule 5A:12(c) requires that assignments of error must be worded in the affirmative. The rule provides only that "[u]nder a heading entitled 'Assignments of Error,' the petition shall list, clearly and concisely and without extraneous argument, the specific errors in the rulings below upon which the party intends to rely." Rule 5A:12(c)(1). I am unaware of any precedent requiring that assignments of error must be worded in the affirmative in order to invoke the Court's jurisdiction. Compare Rule 5:17 (prior to 2010 amendment) (requiring both assignments of error and questions presented, which would support the inference that, at that time, questions presented were questions whereas assignments of error, referred to then, as now, as "the specific errors in the rulings below upon which the party intends to rely," were intended to be affirmative assertions).

Thus, I would conclude the Court obtained active jurisdiction to consider the appeal and had the discretion to grant Chatman a reasonable time in which to correct the non-jurisdictional deficiencies in his petition.

### 2. Merits

On appeal, Chatman contends that the evidence was insufficient to prove abduction and malicious wounding.

The convictions stem from Chatman's attack on his wife, in which he hit her repeatedly with his closed fist, knocking her to the floor, and then hit her repeatedly with a hot clothes iron. Throughout the next day, the victim begged Chatman to obtain medical help for her, as the attack had rendered her unable to see and physically unable to leave the house or otherwise summon help herself. Chatman

failed to get her any assistance, disabled the phone lines, and stayed in the house with her the entire day. Two days after the attack, Chatman left the house and called 911.

### a. Abduction

Chatman argues the evidence was insufficient to support his abduction conviction because any detention of the victim was incidental to the assault. He contends that no separate abduction took place because no evidence indicated he held the victim against her will. "[W]e review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin, 4 Va. App. at 443, 358 S.E.2d at 418.

Applying constitutional principles of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, the Supreme Court has held that

> one accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime.

Brown v. Commonwealth, 230 Va. 310, 314, 337 S.E.2d 711, 713-14 (1985).

At trial, the Commonwealth argued that the abduction took place after the beating, when the victim was unable to leave and Chatman refused to take her to a hospital or otherwise get help. Therefore, the conduct underlying the abduction conviction continued well after the malicious wounding and was not incidental to it. See Hoyt v. Commonwealth, 44 Va. App. 489, 494, 605 S.E.2d 755, 757 (2004) (listing factors used to determine whether an abduction is incidental to another crime).

As for the sufficiency of the evidence to prove Chatman's intent to abduct the victim, Code § 18.2-47(A), under which Chatman was convicted, provides:

> Any person who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes another person with the intent to deprive such other person of his personal liberty or to withhold or conceal him from any person, authority or institution lawfully entitled to his charge, shall be deemed guilty of "abduction."

-28-

"Intent is the purpose formed in a person's mind and may be, and frequently is, shown by circumstances[,]" including "[his] conduct" and "his statements." Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969).

> The specific intent to commit [a crime] may be inferred from the conduct of the accused if such intent flows naturally from the conduct proven. Where the conduct of the accused under the circumstances involved points with reasonable certainty to a specific intent to commit [the crime], the intent element is established.

Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 674 (1995) (citation omitted).

The trial court was entitled to infer Chatman's intent to deprive the victim of her personal liberty from the evidence that he rendered her physically helpless and kept her in the house despite her pleas for medical help.

### b. Malicious Wounding

Chatman argues the evidence was not sufficient to prove he intended to maim, disfigure, disable or kill the victim and, thus, did not support his malicious wounding conviction. Chatman did not challenge his malicious wounding conviction in his motion to strike or closing argument.

Under Rule 5A:18, "a challenge to the specificity of the Commonwealth's evidence is waived if not raised with some specificity in the trial court." Mounce v. Commonwealth, 4 Va. App. 433, 435, 357 S.E.2d 742, 744 (1987). By failing to specifically challenge the sufficiency of the evidence supporting the malicious wounding charge, appellant waived his right to raise that argument on appeal.[14] See, e.g., Scott v. Commonwealth, 58 Va. App. 35, 44-46, 707 S.E.2d 17, 22 (2011) (holding the defendant's motion to strike the evidence as to one charge did "not also function as a motion to strike" as to another charge).

Thus, I would affirm Chatman's convictions.

---

[14] To the extent appellant raises the ends of justice exception under Rule 5A:18, I would conclude this exception does not apply because the record does not affirmatively prove that an element of the offense did not occur. See, e.g., Brittle v. Commonwealth, 54 Va. App. 505, 514, 680 S.E.2d 335, 340 (2009) (delineating the narrow circumstances under which the ends of justice exception is to be used).

## III.

For these reasons, I concur in the majority's decision vacating the order granting the petition of Whitt and dismissing his appeal. As to the appeals of Brooks and Chatman, I would conclude dismissal is not required and would affirm the challenged convictions. Thus, I respectfully dissent from the majority's holdings as to Brooks and Chatman.

_____

The Commonwealth shall recover of the appellants the costs in the respective trial courts. In addition, in Record No. 0858-11-2, the Commonwealth shall recover of the appellant the amount previously awarded to Joseph M. Teefey, Jr., Esquire, for his representation of Roberto Tyrone Chatman, in addition to his costs and necessary direct out-of-pocket expenses.

This order shall be published and certified to the trial courts.

Costs due the Commonwealth
  by appellant in Record No. 0858-11-2
  in Court of Appeals of Virginia:

      Attorney's fee     $100.00  plus costs and expenses

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By: *original order signed by a deputy clerk of the Court of Appeals of Virginia at the direction of the Court*

Deputy Clerk